IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

OCT 1 8 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| Jennifer Thong, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | | CASE NUMBER  1:06CV01807 |
| v. | | |
| | | JUDGE: Royce C. Lamberth |
| Andre Chreky Salon, | | |
| | | DECK TYPE: Labor/ERISA (non-employment) |
| and | | |
| | | DATE STAMP: 10/18/2006 |
| Andre Chreky, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

All defendants in this action, by their undersigned counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, hereby REMOVE this civil action from the Superior Court of the District of Columbia, to the United States District Court for the District of Columbia. In support of this removal, all defendants plead as follows:

1.      Andre Chreky Salon and Andre Chreky are the named defendants in this matter. Jennifer Thong is the plaintiff. All defendants join in this NOTICE OF REMOVAL.

2.      Plaintiff filed its Complaint on September 22, 2006, in the Superior Court of the District of Columbia, captioned *Jennifer Thong  v. Andre Chreky Salon, et al*, C.L. No. 2006-CA-007198-B. Defendants were served on October 5, 2006.

3.      This Notice is timely filed.

4.      Venue is proper in this Court because the State Action was filed and is pending in a state court within the District of Columbia.

5.    A true and accurate copy of the filed Complaint is attached hereto as Exhibit A. No further proceedings have been had in the State Action, and the attachments to this Notice constitute all of the process, pleadings, and orders in the case within the meaning of 28 U.S.C. § 1446(a).

6.    This Court has original jurisdiction over the State Action within the meaning of 28 U.S.C. § 1441(a), because the Complaint pleads (as Counts One and Two) claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, as amended.  Since the Complaint in the State Action pleads claims arising under the laws of the United States, within the meaning of 28 U.S.C. § 1441(b), this action is removable as of right without regard to the citizenship of any party.

7.    A copy of this Notice is being filed with the Clerk of the Superior Court of the District of Columbia, this same day, pursuant to 28 U.S.C. § 1446(d).

8.    Written notice of this removal is being given, this same day and pursuant to 28

U.S.C. § 1446(d), to the adverse party by sending a true copy of the Notice and appended

documents to the counsel for plaintiff.


October 17, 2006                              Respectfully submitted,

                                             Andre Chreky Salon, *et al.*

                                             _____
                                             Counsel for All Defendants


John M. Bredehoft (D.C. Bar No. 375606)
Kaufman & Canoles, P.C.
150 West Main Street
Suite 2100
Norfolk, VA 23510
(757) 624-3225 (direct voice)
(757) 624-3169 (facsimile)
jmbredehoft@kaufcan.com


## Certificate of Service

I hereby certify a true copy of the foregoing pleading was mailed first-class, postage prepaid to counsel for plaintiff, Jonathan G. Rose, Katten Muchin Rosenman LLP, 1025 Thomas Jefferson Street, N.W., East Lobby, Suite 700, Washington, D.C. 20007, on this 17th day of October, 2006.

                                             _____


::ODMA\PCDOCS\DOCSNFK\1143528\1

3



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

**FILED**

OCT 1 8 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JENNIFER THONG
Vs.
ANDRE CHREKY SALON

C.A. No.    2006 CA 007198 B

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge to whom the case is assigned.** As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge PATRICIA A BRODERICK
Date:   September 22, 2006
Initial Conference: 9:30 am, Friday, December 22, 2006
Location:  Courtroom 112
            500 Indiana Avenue N.W.
            WASHINGTON, DC 20001

Caio.doc

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

Jennifer Thong,

*Plaintiff*

VS.

Andre Chreky

*Defendant*

Civil Action No.

0007198-06

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Jonathan Rose

Name of Plaintiff's Attorney

1025 Thomas Jefferson Street, NW

Address

Washington, DC 20007

(202) 625-3807

Telephone

By

Deputy Clerk

Date September 22, 2006

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 96

**NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

JENNIFER THONG,　　　　　　　　　)
13869 Rembrandt Way　　　　　　　　)
Chantilly, VA 20151　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Plaintiff,　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
ANDRE CHREKY SALON　　　　　　　)
1604 K Street, N.W.　　　　　　　　　)
Washington, D.C. 20006　　　　　　　)
　　　　　　　　　　　　　　　　　　)
and　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
ANDRE CHREKY　　　　　　　　　　)
1604 K Street, N.W.　　　　　　　　　)
Washington, D.C. 20006　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Defendants.　　　)
　　　　　　　　　　　　　　　　　　)
_____)

RECEIVED
Civil Clerk's Office
SEP 2 2 2006
Superior Court of the
District of Columbia
Washington, D.C.

Civil Action No:_____

0007198-06

## COMPLAINT

The Plaintiff, Jennifer Thong (the "Plaintiff"), by counsel, hereby files this Complaint for violation of the Fair Labor Standards Act of 1963 ("FLSA"); violation of the D.C. Wage and Hour Act ("WHA"); violation of the D.C. Wage Payment and Collection Act ("WPCA"), violation of the D.C. Human Rights Act ("HRA"); for unlawful assault, battery and conversion; and for intentional infliction of emotional distress against Defendants, Andre Chreky Salon (the "Salon") and Andre Chreky (collectively the "Defendants"). The Defendants did not compensate the Plaintiff for all hours worked and did not pay her at one and one half times her normal hourly rate of pay for all hours worked in excess of forty hours per week. As a result,

Defendants knowingly, willfully and intentionally violated and continue to violate the FLSA, the WHA and the WPCA. Plaintiff therefore brings this to recover unpaid wages, overtime pay, liquidated damages, attorney's fees and costs. Additionally, Mr. Chreky subjected the Plaintiff to unwanted sexual comments, touches and physical attacks violating the HRA and intentionally committing assault, battery and intentional infliction of emotional distress against the Plaintiff. Finally, Mr. Chreky confiscated and retained money that the Plaintiff had earned in tips committing conversion against the Plaintiff. Plaintiff therefore brings this action for economic, compensatory and punitive damages, attorney's fees and costs. Upon information and belief, the Plaintiff alleges as follows:

## PARTIES AND JURISDICTION

1.    Plaintiff, Jennifer Thong, is a resident of Virginia, but the actions complained of herein took place primarily in the District of Columbia.

2.    Defendant, Andre Chreky Salon, is a District of Columbia Corporation engaged in business at 1604 K Street, N.W. Washington, D.C.

3.    Defendant, Andre Chreky, is the owner  and manager of Andre Chreky Salon.  Mr. Chreky's personal address and residency is unknown.

4.    As the Defendants regularly transact business in the District of Columbia, they are subject to personal jurisdiction in the District of Columbia.

5.    This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 216(b), D.C. CODE § 2-1403.16; D.C. CODE § 32-1012; D.C. CODE  32-1308; and D.C. CODE 11-921.

## RELEVANT FACTS

### General

6.       Andre Chreky Salon is a high-end hair salon doing business at 1604 K Street, N.W., Washington, D.C. 20006.  The Salon is a full service salon providing hair cuts, hair styling, hair coloring, manicures, pedicures, facials and massages.

7.       Mr. Chreky is the owner and operator of the Salon.  Mr. Chreky has control over the day to day operations of the Salon and acted in the interest of the Salon in relation to the Plaintiff.

8.       Defendants are engaged in interstate commerce in the District of Columbia as they run and operate a hair salon that does business with clients in the District of Columbia and routinely provide stylists who travel all over the United States with clients.

9.       Plaintiff worked as a stylist at the Salon from 1998 until on or about April 1, 2006.

### Wage and Overtime Violations

10.      Upon information and belief, in 2003, the Salon was investigated by the Department of Labor ("DOL") for overtime violations.  The DOL found that the Salon required stylists and other employees to work well over forty hours per week every week, often as many as 60-70 hours per week, and failed to pay them any overtime.

11.      Upon information and belief, as a result of the DOL investigation, the Salon was required to pay back overtime to many employees.

12.      Upon information and belief, despite this investigation and its results, in 2004, the Salon classified all stylists as "salaried" employees and stopped paying overtime for work in excess of forty hours.       Failure to pay stylists for hours worked and for overtime after the DOL

3

investigation constitutes a knowing and willful failure by Defendants to follow the FLSA, the WHA and the WPCA.

13.     Upon information and belief, despite calling the stylists "salaried" employees, the Salon treated them at all times as hourly employees. The Salon would dock pay for stylists who did not work at least fifty-five hours but would not pay stylists for any work in excess of fifty-five hours. Additionally, the stylists and other employees were not paid overtime pay for hours worked over forty hours.

14.     Upon information and belief, from 2004 when the stylists were reclassified as "salaried" employees until February of 2006, the Plaintiff worked an estimated sixteen overtime hours per week for which she was not compensated.

15.     On a daily basis, Mr. Chreky would take money or checks earned by the Plaintiff and other stylists. Every Saturday, Mr. Chreky would then hand out envelopes containing the "tips." Such envelopes contained less than the amount of tips that had been earned by the Plaintiff and at times, if Mr. Chreky was unhappy or angry with the Plaintiff or other stylists, the envelopes would contain no money at all.

## Sexual Comments

16.     On a daily basis, Mr. Chreky will comment to one or more female employees that she looks "sexy" or "especially sexy today." He also repeatedly references the sex lives of female employees, questions whether their husbands can please them in bed and offers to "help out."

17.     Starting in the fall of 2000, Mr. Chreky made daily comments to Plaintiff about the way she looked and her attire. Such statements included that she looked "sexy," had "sexy legs," that he liked the way she looked in that shirt or with that lipstick.

4

18.    Starting in the fall of 2003, Mr. Chreky repeatedly required the Plaintiff to come to his office at the end of the day. During such visits, Mr. Chreky would discuss sexual topics and repeatedly proposition the Plaintiff to have sex with him. He also told her that other stylists were having an affair with him.

19.    During such visits to his office, Mr. Chreky would promise better work, such as assigning the President's family to her or offering to let her travel with the President's family, in an attempt to induce the Plaintiff to have sex with him.

20.    At a fundraiser in December of 2004, Mr. Chreky asked the Plaintiff if she wanted to have a threesome and that he "would get any kind of girl [she] wanted, blond or brunette." Later he asked another employee if the Plaintiff was the "hottest" stylist and if the three of them wanted to get a room with him for a threesome.

## Touching and Physical Attacks

21.    Throughout her employment, Mr. Chreky would often direct the Plaintiff to help him with a client's hair. Mr. Chreky would then stand close to Plaintiff, rub hips against her or lean very close to her face as she worked.

22.    On or about November of 2003, the Plaintiff was eating lunch in the kitchen area. In front of other employees, Mr. Chreky stated that the Plaintiff had sexy legs. When the other employees had left, Mr. Chreky returned, leaned over the Plaintiff and rubbed her leg and upper thigh. Plaintiff told Mr. Chreky to stop and he responded, "you have such smooth legs. Just let me touch them." Plaintiff slapped his hand and fled the room.

23.    On or about early summer of 2004, the Plaintiff was waiting outside of the Salon for a ride that was over an hour late. Mr. Chreky offered her a ride which she declined. After Mr.

Chreky repeatedly insisted on driving her home, she reluctantly agreed. On the drive home, Mr. Chreky pulled the car and attacked her. He pulled her toward him, tried to kiss her, pinned her to the back of the seat and rolled on top of her. Mr. Chreky lifted her skirt, grabbed her underwear, pulled it to the side, exposed her vagina and grabbed her genitals. The Plaintiff pleaded and tried to get him to stop. Mr. Chreky unzipped his pants and tried to penetrate her with his penis. When the Plaintiff threatened to call the cops, Mr. Chreky stopped and drove her home while threatening her to not tell anyone about the ride home.

24.    Later in 2004, the Plaintiff was again assaulted while alone in the lunchroom. Mr. Chreky shoved her against the sink, pushed his groin against hers and attempted to get his hand under her bra. When Plaintiff grabbed his arm and told him to stop, he pleaded for her to "let me touch it one time, just one time." Plaintiff threatened to scream if he did not stop. In response, Mr. Chreky backed off and she fled the room.

25.    In 2004 through 2006, Mr. Chreky would continually attempt to trap the Plaintiff alone while at work. If he ever found her alone, he would grab her around the shoulders or waist and press his groin against her body. He would often try to grab her buttocks or genital area and would grab and lift her skirt. These attacks occurred, at times, as much as twice per day.

26.    In December of 2004, Mr. Chreky lured the Plaintiff to his office by promising to switch her schedule as she had repeatedly requested (in an attempt to be scheduled to work when Mr. Chreky was not). Suddenly, Mr. Chreky rolled his chair toward hers, grabbed her legs and moved his hand up toward her groin. She tried to resist and he told her to relax. He then grabbed the tie in the front of her shirt, tried to open it and get his hands under her bra. Plaintiff stood up crying and left the office.

6

27.    In March of 2005, Mr. Chreky attacked the Plaintiff in the kitchen slamming her into the sink. He pressed his body against hers, pried her legs apart with his leg and placed his hand underneath her skirt. Although Plaintiff repeatedly tried to escape, Mr. Chreky physically restrained her and repeatedly asked her to just let him touch her. Mr. Chreky was able to grab the side of her underwear and told her, while holding a lighter up to her face, that if she kept fighting that he was going to burn them off. Mr. Chreky then violently ripped her underwear off (bruising her genital area) and help it up to his face while saying, "see, now I got it and now I am going to keep it as a souvenir." That day, he repeatedly taunted her at her work station following this attack.

28.    Repeatedly during 2005 and up to her termination, Mr. Chreky would grab her when he found her alone and push her head toward his genitals demanding that she "give him a blowjob." The Plaintiff would often end these attacks by fleeing, pushing him back or telling him that another employee was coming.

29.    In late summer of 2005, Mr. Chreky ordered the Plaintiff to do inventory on the fifth floor. The Plaintiff thought she was safe because Mr. Chreky was with a client, but Mr. Chreky followed and attacked her by forcing her against a wall at the top of a stairwell (that she had tried to run down to escape). When the Plaintiff screamed, he covered her mouth with his hand. Mr. Chreky unzipped his pants, pulled the Plaintiff's skirt up above her waist, pulled her underwear to one side and attempted to penetrate her. At this point, the Plaintiff was sobbing loudly and having trouble breathing. When he released her mouth, she began screaming and again he covered her mouth. The Plaintiff was able to get away when another employee walked to the bottom of the stairwell.

30.    In the fall of 2005, Mr. Chreky again required the Plaintiff to come to his office. She went but stood just inside the open door. Mr. Chreky got up and slammed the door, pushed her over and got on top of her. Plaintiff began to cry and yelled for him to let her go. He grabbed her skirt, tore it and tried to get his hand to her genital area. Mr. Chreky unzipped his pants and tried to get her skirt above her waist and attempted to penetrate her. At this time, another employee knocked on the door. In response, Mr. Chreky jumped up and zipped his pants. The Plaintiff opened the door and ran past her shocked colleague.

### Reprisals and Damages

31.    Mr. Chreky repeatedly retaliated against the Plaintiff for her rejections of his sexual advances. Mr. Chreky would alter her schedule, disrupt her work with regular clients, reassign her regular clients to other stylists and refuse to assign her new clients. Mr. Chreky would even assign clients who specifically asked for the Plaintiff to other stylists. Such actions dramatically altered the Plaintiff's earning potential and caused her great economic harm.

32.    As a result of Mr. Chreky's attacks, the Plaintiff has experienced severe depression, anxiety, trouble sleeping, severe headaches, nightmares, and trouble being intimate with her husband. Plaintiff is currently under the care of a psychiatrist for treatment of injuries caused by Mr. Chreky's attacks.

33.    The Plaintiff was the primary wage earner for her family while working at the Salon earning close to $100,000 annually. She was concerned about being able to provide for her family and she knew it would take years for her to build up her clientele if she left the Salon which would cause her to earn far less income. Despite these needs, she could not take working at the Salon anymore in February of 2006 when she decided to leave.

8

34.    As a result of being forced to leave the Salon because of Mr. Chreky's attacks, the Plaintiff was forced to take a new job which only pays her about half of what she made at the Salon.

## COUNT I—Both Defendants
### (Violation of the FLSA)

35.    Plaintiff incorporates herein by reference all of the allegations contained in paragraphs one through thirty-four.

36.    At all times relevant, the Salon was an "employer" within the meaning of the FLSA.  29 U.S.C. § 203(d).

37.    At all times relevant, the Plaintiff was an "employee" and was engaged in "commerce" within the meaning of the FLSA.  29 U.S.C. §§ 203(b), 203(e).  The Plaintiff was not an exempt employee under the FLSA, but rather, was a covered employee during her employment and was entitled to the protections of the FLSA.

38.    During the course of the Plaintiff's employment, the Plaintiff was required to work in excess of fifty-five hours per week without pay and in excess of forty hours without being paid one and one half time her normal hourly rate of pay.  Defendants' practice of failing to pay overtime compensation for all work in excess of forty (40) hours to the Plaintiff and for retaining the Plaintiff's tips was and is in violation of the FLSA.  29 U.S.C. § 207.

39.    Plaintiff is entitled to an award of her unpaid overtime compensation (at the rate of one and one-half times her regular pay) and unpaid tips for the time period commencing two years prior to the filing of this Complaint to the date of any final award of such unpaid overtime compensation.

9

40.     Additionally, the Plaintiff is entitled to an award of liquidated damages under the FLSA as well as pre- and post judgment interest, attorneys' fees and costs, all to be determined at the trial.

WHEREFORE, the Plaintiff prays that she be awarded judgment against the Defendants, jointly and severally, for unpaid overtimes wages and tips in an amount to be determined at trial, or other such amount as proved at trial, plus an equal amount in liquidated damages, interest (both pre and post judgment), attorney's fees, the costs of this action and any other and further relief this Court or a jury deems appropriate.

## COUNT II—Both Defendants
### (Willful violation of FLSA)

41.     Plaintiff incorporates herein by reference all of the allegations contained in paragraphs one through forty.

42.     Defendants' practice of failing to pay overtime compensation for all work in excess of forty (40) hours to the Plaintiff was and is in violation of the FLSA.

43.     Defendants' violations of the FLSA were and are being done willfully. Because the DOL investigated and cited the Defendants in 2003 for failing to follow the FLSA, the Defendants either knew or showed reckless disregard as to whether its conduct was prohibited by the FLSA.

44.     Plaintiff is entitled to an award of her unpaid overtime compensation (at the rate of one and one-half times her regular pay) and unpaid tips for the time period commencing three years prior to the filing of this Complaint to the date of any final award of such unpaid overtime compensation.

45.    Additionally, the Plaintiff is entitled to an award of liquidated damages under the FLSA as well as pre- and post judgment interest, attorneys' fees and costs, all to be determined at the trial.

WHEREFORE, the Plaintiff prays that she be awarded judgment against the Defendants, jointly and severally, for unpaid overtimes wages and tips in the amount an amount to be determined at trial, or other such amount as proved at trial, plus an equal amount in liquidated damages, interest (both pre and post judgment), attorney's fees, the costs of this action and any other and further relief this Court or a jury deems appropriate.

### COUNT III—Both Defendants
#### (Violation of the D.C. Wage and Hour Act)

46.    Plaintiff incorporates herein by reference all of the allegations contained in paragraphs one through forty-five.

47.    At all times relevant, the Salon was an "employer" within the meaning of the WHA. D.C. CODE § 32-1002(3).

48.    At all times relevant, the Plaintiff and was an "employee" within the meaning of the WHA. D.C. CODE § 32-1002(3).

49.    During the course of the Plaintiff's employment, the Plaintiff was required to work in excess of fifty-five hours per week without pay and in excess of forty hours without being paid one and one half times her normal hourly rate of pay.    Defendants' practice of failing to pay overtime compensation for all work in excess of forty (40) hours to the Plaintiff and of retaining tips earned by the Plaintiff was and is in violation of the WHA. D.C. CODE § 32-1003.

50.     Plaintiff is entitled to an award of her unpaid overtime compensation (at the rate of one and one-half times her regular pay) and unpaid tips for the time period commencing three years prior to the filing of this Complaint to the date of any final award of such unpaid overtime compensation. D.C. CODE § 32-1012.

51.     Additionally, the Plaintiff is entitled to an award of liquidated damages under the WHA as well as pre- and post judgment interest, attorneys' fees and costs, all to be determined at the trial. D.C. CODE § 32-1012.

WHEREFORE, the Plaintiff prays that she be awarded judgment against the Defendants, jointly and severally, for unpaid overtimes wages and tips in the amount an amount to be determined at trial, or other such amount as proved at trial, plus an equal amount in liquidated damages, interest (both pre and post judgment), attorney's fees, the costs of this action and any other and further relief this Court or a jury deems appropriate.

### COUNT IV—Both Defendants
### (Violation of the D.C. Wage Payment and Collection Act)

52.     Plaintiff incorporates herein by reference all of the allegations contained in paragraphs one through fifty-one.

53.     At all times relevant, the Salon was an "employer" within the meaning of the WPCA. D.C. CODE § 32-1301(1).

54.     At all times relevant, the Plaintiff was an "employee" within the meaning of the WPCA. D.C. CODE § 32-1301(2).

55.     During the course of the Plaintiff's employment, the Plaintiff was required to work in excess of fifty-five hours per week without pay and in excess of forty hours without being paid

one and one half time her normal hourly rate of pay. Additionally, the Defendants failed to pay the Plaintiff the money that she had earned as tips as part of her compensation. Under the WPCA, Defendants were and are obligated to pay Plaintiff all wages due for work that Plaintiff performed. D.C. CODE § 32-1302.

56.    Plaintiff is entitled to an award of her unpaid compensation. Additionally, the Plaintiff is entitled to an award of liquidated damages under the WPCA as well as pre- and post judgment interest, attorneys' fees and costs, all to be determined at the trial. D.C. CODE § 32-1308.

WHEREFORE, the Plaintiff prays that she be awarded judgment against the Defendants, jointly and severally, for unpaid overtimes wages and tips in the amount an amount to be determined at trial, or other such amount as proved at trial, plus an equal amount in liquidated damages, interest (both pre and post judgment), attorney's fees, the costs of this action and any other and further relief this Court or a jury deems appropriate.

## COUNT V—Both Defendants
### (Violation of the HRA)

57.    Plaintiff incorporates herein by reference all of the allegations contained in paragraphs one through fifty-six.

58.    At all times relevant, the Salon was an "employer" within the meaning of the HRA. D.C. CODE § 2-1401.2(10).

59.    At all times relevant, the Plaintiff was an "employee" within the meaning of the HRA. D.C. CODE § 2-1401.2(9).

60.    The Plaintiff is female and therefore is a member of a protected classification within the meaning of the HRA. D.C. CODE § 2-1402.11.

13

61.    Since her hiring in 1998, the Plaintiff has been subjected to a constant, continuous, ongoing and pervasively hostile working environment by the Defendants. This hostile work environment was so severe and pervasive that it altered the terms and conditions of Plaintiff's employment.

62.    Since her hiring in 1998, Mr. Chreky has repeatedly solicited sexual favors and/or contact with the Plaintiff in exchange for employment benefits such as assigning her to high profile clients like the President's family.

63.    The Plaintiff repeatedly advised Mr. Chreky that his statements and advances were offensive and unwelcome.

64.    Because the Plaintiff has repeatedly resisted Mr. Chreky, Mr. Chreky has taken tangible employment actions against her including reassigning key clients, refusing to assign new clients, adjusting her schedule, all of which caused her to lose much of her income. Additionally, Mr. Checky's continual attacks and harassment were so unbearable that Plaintiff was forced to find another job, effectively constructively terminating her.

65.    The harassment complained of affected the term, condition and privilege of the Plaintiff's employment as prohibited by the HRA.

66.    As a direct and proximate result of the discriminatory conduct of the Defendants, the Plaintiff has lost considerable pay, has suffered humiliation, mental anguish, and emotional pain, as well as other incidental and consequential damages.

67.    Defendants unlawful and discriminatory motives in their treatment of the Plaintiff's employment were willful, wanton and malicious. As a result, Plaintiff is entitled to full relief under the law, including, but not limited to, economic, compensatory and punitive damages.

14

WHEREFORE, the Plaintiff prays that she be awarded: (1) a finding that the Defendants violated the HRA; (2) backpay, including all increases in pay and other benefits of employment that Plaintiff would have received but for Defendants' discriminatory conduct; (3) future pay, in lieu of reinstatement, including increases in pay and other benefits of employment that the Plaintiff would have received but for Defendants' discriminatory conduct; (4) compensatory damages in an amount to be determined at trial but no less than $1,000,000 or a greater amount as deemed appropriate by a jury; (5) punitive damages in an amount to be determined at trial but no less than $3,000,000 or a greater amount deemed appropriate by a jury; and (6) attorney's fees and costs relating to this action and any other relief deemed appropriate.

### COUNT VI—Both Defendants
### (Violation of the HRA-Retaliation)

68.     Plaintiff incorporates herein by reference all of the allegations contained in paragraphs one through sixty-seven.

69.     At all times relevant, the Salon was an "employer" within the meaning of the HRA. D.C. CODE § 2-1401.2(10).

70.     At all times relevant, the Plaintiff was an "employee" within the meaning of the HRA. D.C. CODE § 2-1401.2(9).

71.     The Plaintiff is female and therefore is a member of a protected classification within the meaning of the HRA. D.C. CODE § 2-1402.11.

72.     Since her hiring in 1998, the Plaintiff has been subjected to a constant, continuous, ongoing sexual harassment by Mr. Chreky.

15

73.    The Plaintiff engaged in protected activity when she complained to Mr. Chreky that his comments were offensive and not welcome and when she refused to consent to have sex with Mr. Chreky on multiple occasions.

74.    As a result of the Plaintiff's protected activity, Mr. Chreky has taken tangible employment actions against her including reassigning key clients, refusing to assign new clients, adjusting her schedule, all of which caused her to lose much of her income. Such actions constitute retaliation in violation of the HRA. D.C. CODE § 2-1402.61.

75.    As a direct and proximate result of the retaliation of the Defendants, the Plaintiff has lost considerable pay, has suffered humiliation, mental anguish, and emotional pain, as well as other incidental and consequential damages.

76.    Defendants' retaliations against the Plaintiff were willful, wanton and malicious. As a result, Plaintiff is entitled to full relief under the law, including, but not limited to, economic, compensatory and punitive damages.

WHEREFORE, the Plaintiff prays that she be awarded: (1) a finding that the Defendants violated the HRA; (2) backpay, including all increases in pay and other benefits of employment that Plaintiff would have received but for Defendants' discriminatory conduct; (3) future pay, in lieu of reinstatement, including increases in pay and other benefits of employment that the Plaintiff would have received but for Defendants' discriminatory conduct; (4) compensatory damages in an amount to be determined at trial but no less than $1,000,000 or a greater amount as deemed appropriate by a jury; (5) punitive damages in an amount to be determined at trial but no less than $3,000,000 or a greater amount deemed appropriate by a jury; and (6) attorney's fees and costs relating to this action and any other relief deemed appropriate.

16

## COUNT VII—Both Defendants
### (Assault)

77.    Plaintiff incorporates herein by reference all of the allegations contained in paragraphs one through seventy-six.

78.    On multiple occasions, Mr. Chreky intentionally threatened or attacked the Plaintiff causing her to suffer an apprehension of an unwanted physical contact from Mr. Chreky.

79.    Mr. Chreky knew or should have known that such actions would cause the Plaintiff to suffer a reasonable apprehension of immediate harm and offensive contact to her person.

80.    Plaintiff reasonably believed that Mr. Chreky would harm her and such fear was directly caused by Mr. Chreky's actions.

81.    The threat of attack and the apprehension of unwanted physical contact has directly caused the Plaintiff to suffer severe depression, anxiety, trouble sleeping, severe headaches, nightmares, and trouble being intimate with her husband. Plaintiff is currently under the care of a psychiatrist for treatment for injuries caused by Mr. Chreky's attacks.

WHEREFORE, the Plaintiff prays that she be awarded: (1) backpay, including all increases in pay and other benefits of employment that Plaintiff would have received but for Defendants' tortious conduct; (2) future pay, in lieu of reinstatement, including increases in pay and other benefits of employment that the Plaintiff would have received but for Defendants' tortious conduct; (3) compensatory damages in an amount to be determined at trial but no less than $1,000,000 or a greater amount as deemed appropriate by a jury; (4) punitive damages in an amount to be determined at trial but no less than $3,000,000 or a greater amount deemed appropriate by a jury; and (5) attorney's fees and costs relating to this action and any other relief deemed appropriate.

17

## COUNT VIII—Both Defendants
### (Battery)

82.    Plaintiff incorporates herein by reference all of the allegations contained in paragraphs one through eighty-one.

83.    On multiple occasions, Mr. Chreky intentionally physically touched and attacked the Plaintiff

84.    Mr. Chreky knew or should have known that such contact would bring about harmful and offensive contact to the Plaintiff's person.  Mr. Chreky acted with intent and malice in attacking the Plaintiff.

85.    The physical attacks and unwanted physical contact from the Mr. Chreky has directly caused the Plaintiff to suffer bruises, aches, pains, severe depression, anxiety, trouble sleeping, severe headaches, nightmares, and trouble being intimate with her husband.  Plaintiff is currently under the care of a psychiatrist for treatment for injuries caused by Mr. Chreky's attacks.

WHEREFORE, the Plaintiff prays that she be awarded: (1) backpay, including all increases in pay and other benefits of employment that Plaintiff would have received but for Defendants' tortious conduct; (2) future pay, in lieu of reinstatement, including increases in pay and other benefits of employment that the Plaintiff would have received but for Defendants' tortious conduct; (3) compensatory damages in an amount to be determined at trial but no less than $1,000,000 or a greater amount as deemed appropriate by a jury; (4) punitive damages in an amount to be determined at trial but no less than $3,000,000 or a greater amount deemed appropriate by a jury; and (5) attorney's fees and costs relating to this action and any other relief deemed appropriate.

18

## COUNT IX—Both Defendants
### (Conversion)

86.    Plaintiff incorporates herein by reference all of the allegations contained in paragraphs one through eighty-five.

87.    As part of her employment compensation, the Plaintiff earned tips from clients. The clients paid such tips to the Plaintiff and tips belonged to the Plaintiff.

88.    Mr. Chreky required the Plaintiff, and other stylists, to give him the full amount of their tips on a daily basis. On a weekly basis, Mr. Chreky would return some but not all of the tips that the Plaintiff had earned and at times, Mr. Chreky would not return any of the tips at all.

89.    The taking and retention of the Plaintiff's money constitutes the unlawful taking and exercise of ownership and control by the Defendant over the personal property of the Plaintiff. Because the Defendant never returned most of the tips, such a taking constituted a complete deprivation of the Plaintiff's rights to such property.

90.    As a direct result of Mr. Chreky's actions, the Plaintiff has suffered a loss of a large amount of her income.

WHEREFORE, the Plaintiff prays that she be awarded: (1) backpay, including all increases in pay and other benefits of employment that Plaintiff would have received but for Defendants' tortious conduct; (2) future pay, in lieu of reinstatement, including increases in pay and other benefits of employment that the Plaintiff would have received but for Defendants' tortious conduct; (3) compensatory damages in an amount to be determined at trial but no less than $1,000,000 or a greater amount as deemed appropriate by a jury; (4) punitive damages in an amount to be determined at trial but no less than $3,000,000 or a greater amount deemed

19

appropriate by a jury; and (5) attorney's fees and costs relating to this action and any other relief deemed appropriate.

## COUNT X—Both Defendants
### (Intentional Infliction of Emotional Distress)

91.    Plaintiff incorporates herein by reference all of the allegations contained in paragraphs one through ninety.

92.    Mr. Chreky repeatedly sexually harassed and attacked the Plaintiff. Such pattern of harassment and attacks constitute extreme and outrageous conduct by Mr. Chreky. Mr. Chreky acted intentionally and in reckless disregard that such actions would cause severe emotional distress to the Plaintiff.

93.    The physical attacks and unwanted physical contact from Mr. Chreky has directly caused the Plaintiff to suffer severe emotional distress including, severe depression, anxiety, trouble sleeping, severe headaches, nightmares, and trouble being intimate with her husband. Plaintiff is currently under the care of a psychiatrist for treatment for injuries caused by Mr. Chreky's attacks.

WHEREFORE, the Plaintiff prays that she be awarded: (1) backpay, including all increases in pay and other benefits of employment that Plaintiff would have received but for Defendants' tortious conduct; (2) future pay, in lieu of reinstatement, including increases in pay and other benefits of employment that the Plaintiff would have received but for Defendants' tortious conduct; (3) compensatory damages in an amount to be determined at trial but no less than $1,000,000 or a greater amount as deemed appropriate by a jury; (4) punitive damages in an amount to be determined at trial but no less than $3,000,000 or a greater amount deemed

appropriate by a jury; and (5) attorney's fees and costs relating to this action and any other relief deemed appropriate.

### COUNT XI—Salon
### (Respondeat Superior)

94.    Plaintiff incorporates herein by reference all of the allegations contained in paragraphs one through ninety-three.

95.    At all times relevant hereto, Mr. Chreky was an employee of the Salon and used his position as the day to day operator to sexually harass, assault, batter, inflict emotional distress and retaliate against the Plaintiff and to steal her money. Mr. Chreky's actions were taken within the scope of his employment.

96.    The Salon is vicariously liable for the actions of its employees acting within the scope of their employment.

97.    The Salon is responsible for the intentional actions of Mr. Chreky and the damages as a result thereof.

WHEREFORE, the Plaintiff prays that she be awarded: (1) backpay, including all increases in pay and other benefits of employment that Plaintiff would have received but for Defendants' unlawful conduct; (2) future pay, in lieu of reinstatement, including increases in pay and other benefits of employment that the Plaintiff would have received but for Defendants' unlawful conduct; (3) compensatory damages in an amount to be determined at trial but no less than $1,000,000 or a greater amount as deemed appropriate by a jury; (4) punitive damages in an amount to be determined at trial but no less than $3,000,000 or a greater amount deemed appropriate by a jury; and (5) attorney's fees and costs relating to this action and any other relief deemed appropriate.

21

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectively requests that this Court: (1) enter judgment against the Defendants on all claims, (2) grant the Plaintiff the specific relief requested following each claim, including attorney's fees and costs, and (3) grant such other relief as this Court deems just and proper.

Respectfully submitted,

Dated: September 22, 2006

KATTEN MUCHIN ROSENMAN LLP

By:

Jonathan G. Rose (D.C. Bar No. 446208)
Ryan J. Liebl
1025 Thomas Jefferson Street, N.W.
East Lobby, Suite 700
Washington, D.C. 20007
(202) 625-3807
jonathan.rose@kattenlaw.com

Counsel for Plaintiff

## JURY DEMAND

Plaintiffs demand a trial by jury on all triable issues.

Jonathan G. Rose

JS-44
(Rev.1/05 DC)

**CIVIL COVER SHEET**

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Jennifer Thong | Andre Chreky Salon and Andre Chreky |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES) | Chantilly, VA<br>88888 | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY) | Washington, D.C. |

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Jonathan R. Rose, Esq.
KATTEN MUCHIN ROSENMAN LLP
1025 Thomas Jefferson Street, NW
Washington, DC 20007
202-625-3807

CASE NUMBER   1:06CV01807

JUDGE: Royce C. Lamberth

DECK TYPE: Labor/ERISA (non-employment)

DATE STAMP: 10/18/2006

**JURY ACTION**

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

- O 1 U.S. Government Plaintiff
- ⊙ 3 Federal Question (U.S. Government Not a Party)
- O 2 U.S. Government Defendant
- O 4 Diversity (Indicate Citizenship of Parties in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | O 1 | O 1 | Incorporated or Principal Place of Business in This State | O 4 | O 4 |
| Citizen of Another State | O 2 | O 2 | Incorporated and Principal Place of Business in Another State | O 5 | O 5 |
| Citizen or Subject of a Foreign Country | O 3 | O 3 | Foreign Nation | O 6 | O 6 |

**IV.  CASE ASSIGNMENT AND NATURE OF SUIT**
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

| O **A. Antitrust** | O **B. Personal Injury/ Malpractice** | O **C. Administrative Agency Review** | O **D. Temporary Restraining Order/Preliminary Injunction** |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

| O **E. General Civil (Other)** | **OR** | O **F. Pro Se General Civil** |
|---|---|---|

| **Real Property**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property<br><br>**Personal Property**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | **Bankruptcy**<br>☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**Prisoner Petitions**<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br><br>**Property Rights**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**Federal Tax Suits**<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty**<br>☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br><br>**Other Statutes**<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

| ○ **G.** *Habeas Corpus/ 2255* | ○ **H.** *Employment Discrimination* | ○ **I.** *FOIA/PRIVACY ACT* | ○ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General ☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)  *(If pro se, select this deck)* | ☐ 895 Freedom of Information Act ☐ 890 Other Statutory Actions (if Privacy Act)  *(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ **K.** *Labor/ERISA (non-employment)* | ○ **L.** *Other Civil Rights (non-employment)* | ○ **M.** *Contract* | ○ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☒ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt. Reporting & Disclosure Act ☐ 740 Labor Railway Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act) ☐ 443 Housing/Accommodations ☐ 444 Welfare ☐ 440 Other Civil Rights ☐ 445 American w/Disabilities-Employment ☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholder's Suits ☐ 190 Other Contracts ☐ 195 Contract Product Liability ☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
○ 1 Original Proceeding   ● 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
29 U.S.C. Section 201, et seq.  Plaintiff alleges that former employer failed to comply with federal wage and overtime obligations.

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 1,000,000.00   Check YES only if demanded in complaint   **JURY DEMAND:**   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE Oct. 17, 2006   SIGNATURE OF ATTORNEY OF RECORD   M Bredehoft

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT  (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT:  The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

JC