IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JENNIFER THONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:06-1807 |
| | ) | |
| ANDRE CHREKY SALON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants Andre Chreky Salon and Andre Chreky (collectively "Defendants") answer the Complaint filed by Plaintiff Jennifer Thong as follows:

0.       Defendants deny the factual allegations set forth in the un-numbered introductory paragraphs of the Complaint.

1.       Defendants admit, on information and belief, that Thong is a resident of Virginia. Defendants deny, as set forth in the following numbered paragraphs, that most of the actions complained of took place at all; defendants admit that the actions complained of are alleged to have occurred primarily in the District of Columbia.

2.       Defendants deny the allegations of Paragraph 2 of the Complaint.  Defendants aver that Andre Chreky, Inc., d/b/a Andre Chreky Salon, is a District of Columbia corporation with its principal place of business at 1604 K Street, N.W.

3.       Defendants aver that Andre Chreky, Inc., is the owner of the business of the Salon, and that Mr. Chreky is a manager at the Salon.  Defendants admit that Mr. Chreky is a resident of the Commonwealth of Virginia who resides at 548 River Bend Road, Falls Church, Virginia 22066, and that Mr. Chreky owns Andre Chreky Inc. and SPAC, LLC.  Defendants deny the remaining allegations of Paragraph 3 of the Complaint.

4.      Defendants admit the allegations of Paragraph 4 of the Complaint.

5.      Defendants admit that they are subject to the personal jurisdiction of this Court.

6.      Defendants aver that this Court has jurisdiction over the plaintiff's claims.

7.      Defendants admit the allegations of Paragraph 7 of the Complaint.

8.      Defendants deny the allegations of Paragraph 8 of the Complaint.  Defendants aver that Andre Chreky, Inc., is the owner of the business of the Salon.  Defendants admit that Mr. Chreky has control over the day-to-day operations of the Salon.

9.      Defendants admit that they are engaged in interstate commerce, but deny that the employees of the Salon are "engaged in commerce" within the meaning of the federal Fair Labor Standards Act.

10.      Defendants admit the allegations of Paragraph 10 of the Complaint.

11.      Defendants admit that the Salon was audited by the Department of Labor for compliance with the Fair Labor Standards Act, and aver that the results of the audit speak for themselves.  Defendants admit that, as a result of the audit and as a result of extensive and ongoing consultation with government compliance officers, the Salon modified the manner in which certain of its employees were compensated.

12.      Defendants admit that certain employees of the Salon received additional compensation in respect of hours worked as a result of the audit and the Salon's consultations with government compliance officers.

13.      Defendants deny the allegations of Paragraph 13 of the Complaint.  Defendants aver that all hourly employees, including Plaintiff, have been properly compensated.  Defendants further aver that the Salon's methodology for identifying and paying overtime compensation has

been implemented under the guidance and pursuant to the suggestions of government compliance officers, and that no knowing or willful conduct has been committed by any defendant.

14.     Defendants deny the allegations of Paragraph 14 of the Complaint.  Defendants aver that all hourly employees, including Plaintiff, have been properly compensated.

15.     Defendants deny the allegations of Paragraph 15 of the Complaint.

16.     Defendants deny the allegations of Paragraph 16 of the Complaint.

17.     Defendants deny the allegations of Paragraph 17 of the Complaint.

18.     Defendants deny the allegations of Paragraph 18 of the Complaint.

19.     Defendants deny the allegations of Paragraph 19 of the Complaint.

20.     Defendants deny the allegations of Paragraph 20 of the Complaint.

21.     Defendants deny the allegations of Paragraph 21 of the Complaint.

22.     Defendants deny the allegations of Paragraph 22 of the Complaint, save that defendants aver that all employees of the Salon work in relatively close quarters and that, when employees collaborated on a single client, it was impossible for those employees to do other than "stand close" to each other.  Defendants deny that any such positioning was sexual in nature, or constituted discrimination or harassment during the course of employment based on gender or sex.

23.     Defendants deny the allegations of Paragraph 23 of the Complaint.

24.     Defendants deny the allegations of Paragraph 24 of the Complaint.

25.     Defendants deny the allegations of Paragraph 25 of the Complaint.

26.     Defendants deny the allegations of Paragraph 26 of the Complaint.

27.     Defendants deny the allegations of Paragraph 27 of the Complaint.

28.     Defendants deny the allegations of Paragraph 28 of the Complaint.

29.    Defendants deny the allegations of Paragraph 29 of the Complaint.

30.    Defendants deny the allegations of Paragraph 30 of the Complaint.

31.    Defendants deny the allegations of Paragraph 31 of the Complaint.

32.    Defendants deny the allegations of Paragraph 32 of the Complaint.

33.    Defendants deny the allegations of Paragraph 33 of the Complaint, save that they are without information sufficient to form a belief as to whether Plaintiff has experienced the symptoms indicated or if she is under the care of a psychiatrist.  Defendants deny that any action taken by Defendants caused or contributed to any such symptoms or care.

34.    Defendants lack information sufficient to form a belief as to the allegations of the first sentence of Paragraph 34 of the Complaint, respecting whether the Plaintiff was the primary wage-earner for her family. Defendants admit the allegation of the second sentence of Paragraph 34 that it takes years to build a clientele in the business in which the Salon is engaged; defendants note that Plaintiff stole client information from the Salon when she left in order to misappropriate the Salon's clients.  Defendants deny the allegations of the third sentence of Paragraph 34, save that defendants admit that Plaintiff's departure was voluntary.  Defendants aver that Plaintiff left in order to open a competing salon using trade secrets she misappropriated from the Defendants.

35.    Defendants deny the allegations of Paragraph 35 of the Complaint.

36.    Defendants incorporate their responses to the preceding paragraphs.

37.    Defendants admit that Andre Chreky, Inc., is an "employer" for purposes of the federal Fair Labor Standards Act.  Defendants otherwise deny the allegations of Paragraph 37 of the Complaint.

38.    Defendants admit that Plaintiff was a non-exempt employee for purposes of the FLSA.  Defendants otherwise deny the allegations of Paragraph 38 of the Complaint.

39.    Defendants deny the allegations of Paragraph 39 of the Complaint.

40.    Defendants deny the allegations of Paragraph 40 of the Complaint.

41.    Defendants deny the allegations of Paragraph 41 of the Complaint.

41(a)    Defendants deny that Plaintiff is entitled to the relief claimed in the paragraph beginning with the term WHEREFORE, immediately after numbered Paragraph 41, and deny that Plaintiff is entitled to any part of such relief, or to any relief at all as against Defendants.

42.    Defendants incorporate their responses to the preceding paragraphs.

43.    Defendants deny the allegations of Paragraph 43 of the Complaint.

44.    Defendants deny the allegations of Paragraph 44 of the Complaint.

45.    Defendants deny the allegations of Paragraph 45 of the Complaint.

46.    Defendants deny the allegations of Paragraph 46 of the Complaint.

46(a)    Defendants deny that Plaintiff is entitled to the relief claimed in the paragraph beginning with the term WHEREFORE, immediately after numbered Paragraph 46, and deny that Plaintiff is entitled to any part of such relief, or to any relief at all as against Defendants.

47.    Defendants incorporate their responses to the preceding paragraphs.

48.    Defendants admit that Andre Chreky, Inc., is an "employer" within the meaning of the District of Columbia Wage and Hour Act.  Defendants otherwise deny the allegations of Paragraph 48 of the Complaint.

49.    Defendants admit that Plaintiff was an "employee" within the meaning of the District of Columbia Wage and Hour Act.

50.    Defendants deny the allegations of Paragraph 50 of the Complaint.

51.    Defendants deny the allegations of Paragraph 51 of the Complaint.

52.    Defendants deny the allegations of Paragraph 52 of the Complaint.

52(a)    Defendants deny that Plaintiff is entitled to the relief claimed in the paragraph beginning with the term WHEREFORE, immediately after numbered Paragraph 51, and deny that Plaintiff is entitled to any part of such relief, or to any relief at all as against Defendants.

53.    Defendants incorporate their responses to the preceding paragraphs.

54.    Defendants admit that Andre Chreky, Inc., is an "employer" within the meaning of the District of Columbia Wage Payment and Collection Act.  Defendants otherwise deny the allegations of Paragraph 54 of the Complaint.

55.    Defendants admit that Plaintiff was an "employee" within the meaning of the District of Columbia Wage Payment and Collection Act.

56.    Defendants deny the allegations of Paragraph 56 of the Complaint.

57.    Defendants deny the allegations of Paragraph 57 of the Complaint.

57(a)    Defendants deny that Plaintiff is entitled to the relief claimed in the paragraph beginning with the term WHEREFORE, immediately after numbered Paragraph 57, and deny that Plaintiff is entitled to any part of such relief, or to any relief at all as against Defendants.

58.    Defendants incorporate their responses to the preceding paragraphs.

59.    Defendants admit that Andre Chreky, Inc., is an "employer" within the meaning of the District of Columbia Human Rights Act.  Defendants otherwise deny the allegations of Paragraph 59 of the Complaint.

60.    Defendants admit that Plaintiff was an "employee" within the meaning of the District of Columbia Human Rights Act.

61.     Defendants admit, on information and belief, that Plaintiff is female.  The remaining statements contained in Paragraph 61 of the Complaint state conclusions of law, as to which no response is required.

62.     Defendants deny the allegations of Paragraph 62 of the Complaint.

63.     Defendants deny the allegations of Paragraph 63 of the Complaint.

64.     Defendants deny the allegations of Paragraph 64 of the Complaint.

65.     Defendants deny the allegations of Paragraph 65 of the Complaint.

66.     Defendants deny the allegations of Paragraph 66 of the Complaint.

67.     To the extent Paragraph 67 contains conclusions of law, no response is required.  Otherwise, Defendants deny the allegations of Paragraph 67 of the Complaint.

68.     Defendants deny the allegations of Paragraph 68 of the Complaint.

69.     Defendants deny the allegations of Paragraph 69 of the Complaint and deny that Plaintiff is entitled to the relief  claimed.

69(a)   Defendants deny that Plaintiff is entitled to the relief claimed in the paragraph beginning with the term WHEREFORE, immediately after numbered Paragraph 69, and deny that Plaintiff is entitled to any part of such relief, or to any relief at all as against Defendants.

70.     Defendants incorporate their responses to the preceding paragraphs.

71.     Defendants admit that Andre Chreky, Inc., is an "employer" within the meaning of the District of Columbia Human Rights Act.  Defendants otherwise deny the allegations of Paragraph 71 of the Complaint.

72.     Defendants admit that Plaintiff was an "employee" within the meaning of the District of Columbia Human Rights Act.

73. Defendants admit, on information and belief, that Plaintiff is female. The remaining statements contained in Paragraph 73 of the Complaint state conclusions of law, as to which no response is required.

74. Defendants deny the allegations of Paragraph 74 of the Complaint.

75. Defendants deny the allegations of Paragraph 75 of the Complaint.

76. Defendants deny the allegations of Paragraph 76 of the Complaint.

77. To the extent Paragraph 77 contains conclusions of law, no response is required. Otherwise, Defendants deny the allegations of Paragraph 77 of the Complaint.

78. Defendants deny the allegations of Paragraph 78 of the Complaint.

79. Defendants deny the allegations of Paragraph 79 of the Complaint and deny that Plaintiff is entitled to any of the relief claimed.

79(a) Defendants deny that Plaintiff is entitled to the relief claimed in the paragraph beginning with the term WHEREFORE, immediately after numbered Paragraph 79, and deny that Plaintiff is entitled to any part of such relief, or to any relief at all as against Defendants.

80. Defendants incorporate their responses to the preceding paragraphs.

81. Defendants deny the allegations of Paragraph 81 of the Complaint.

82. Defendants deny the allegations of Paragraph 82 of the Complaint.

83. Defendants deny the allegations of Paragraph 83 of the Complaint.

84. Defendants deny the allegations of Paragraph 84 of the Complaint.

85. To the extent Paragraph 85 contains conclusions of law, no response is required. Otherwise, Defendants deny the allegations of Paragraph 85 of the Complaint.

85(a)   Defendants deny that Plaintiff is entitled to the relief claimed in the paragraph beginning with the term WHEREFORE, immediately after numbered Paragraph 85, and deny that Plaintiff is entitled to any part of such relief, or to any relief at all as against Defendants.

86.   Defendants incorporate their responses to the preceding paragraphs.

87.   Defendants deny the allegations of Paragraph 87 of the Complaint.

88.   Defendants deny the allegations of Paragraph 88 of the Complaint.

89.   Defendants deny the allegations of Paragraph 89 of the Complaint.

90.   To the extent Paragraph 90 contains conclusions of law, no response is required. Otherwise, Defendants deny the allegations of Paragraph 90 of the Complaint.

90(a)   Defendants deny that Plaintiff is entitled to the relief claimed in the paragraph beginning with the term WHEREFORE, immediately after numbered Paragraph 90, and deny that Plaintiff is entitled to any part of such relief, or to any relief at all as against Defendants

91.   Defendants incorporate their responses to the preceding paragraphs.

92.   Defendants admit that Plaintiff received tips from clients and that such tips are the property of, and income attributable to, the Plaintiff.  Defendants aver that Plaintiff committed tax fraud by intentionally under-reporting the amount of her tips, which were paid to her in full. Defendants otherwise deny the factual allegations of Paragraph 92 of the Complaint.

93.   Defendants deny the allegations of Paragraph 93 of the Complaint.

94.   To the extent Paragraph 94 contains conclusions of law, no response is required. Otherwise, Defendants deny the allegations of Paragraph 94 of the Complaint.

95.   Defendants deny the allegations of the second sentence of Paragraph 95 of the Complaint.  The first sentence of Paragraph 95 of the Complaint states a conclusion of law as to

which no response is required; to the extent the first sentence seeks to allege facts, defendants deny the factual allegations of the first sentence of Paragraph 95.

96.     Defendants deny the allegations of Paragraph 96 of the Complaint.

96(a)   Defendants deny that Plaintiff is entitled to the relief claimed in the paragraph beginning with the term WHEREFORE, immediately after numbered Paragraph 96, and deny that Plaintiff is entitled to any part of such relief, or to any relief at all as against Defendants.

97.     Defendants incorporate their responses to the preceding paragraphs.

98.     Defendants deny the allegations of Paragraph 98 of the Complaint.

99.     Defendants deny the allegations of Paragraph 99 of the Complaint.

100.    To the extent Paragraph 100 contains conclusions of law, no response is required. Otherwise, Defendants deny the allegations of Paragraph 100 of the Complaint.

100(a)  Defendants deny that Plaintiff is entitled to the relief claimed in the paragraph beginning with the term WHEREFORE, immediately after numbered Paragraph 100, and deny that Plaintiff is entitled to any part of such relief, or to any relief at all as against Defendants.

101.    Defendants incorporate their responses to the preceding paragraphs.

102.    Paragraph 102 of the Complaint contains legal conclusions to which no response is necessary.  To the extent Paragraph 102 seeks to make factual allegations, those allegations are denied.

103.    Paragraph 103 of the Complaint contains legal conclusions to which no response is necessary.  To the extent Paragraph 103 seeks to make factual allegations, those allegations are denied.

104.    Defendants deny the allegations of Paragraph 104 of the Complaint.

105.    Defendants deny the allegations of Paragraph 105 of the Complaint.

106.    Paragraph 106 of the Complaint contains legal conclusions to which no response is necessary. To the extent Paragraph 106 seeks to make factual allegations, those allegations are denied.

107.    Paragraph 107 of the Complaint contains legal conclusions to which no response is necessary. To the extent Paragraph 107 seeks to make factual allegations, those allegations are denied.

107(a)  Defendants deny that Plaintiff is entitled to the relief claimed in the paragraph beginning with the term WHEREFORE, immediately after numbered Paragraph 107, and deny that Plaintiff is entitled to any part of such relief, or to any relief at all as against Defendants.

108.    Defendants incorporate their responses to the preceding paragraphs.

109.    Paragraph 109 of the Complaint contains legal conclusions to which no response is necessary. To the extent Paragraph 109 seeks to make factual allegations, those allegations are denied.

110.    Defendants admit the allegations of Paragraph 110 of the Complaint.

111.    Paragraph 111 of the Complaint contains a legal conclusion to which no response is necessary. To the extent Paragraph 111 seeks to make factual allegations, those allegations are denied.

112.    Paragraph 112 of the Complaint contains legal conclusions to which no response is necessary. To the extent Paragraph 112 seeks to make factual allegations, those allegations are denied.

113.    Paragraph 113 of the Complaint contains legal conclusions to which no response is necessary. To the extent Paragraph 113 seeks to make factual allegations, those allegations are denied.

114.    Paragraph 114 of the Complaint contains legal conclusions to which no response is necessary. To the extent Paragraph 114 seeks to make factual allegations, those allegations are denied.

114(a) Defendants deny that Plaintiff is entitled to the relief claimed in the paragraph beginning with the term WHEREFORE, immediately after numbered Paragraph 114, and deny that Plaintiff is entitled to any part of such relief, or to any relief at all as against Defendants.

115.    FURTHER ANSWERING THE COMPLAINT, Defendants deny any factual allegation made in the Complaint which has not been admitted with specificity above.

116.    FURTHER ANSWERING THE COMPLAINT, Defendants deny that Plaintiff is entitled to the relief requested in the un-numbered PRAYER FOR RELIEF, to any part of such relief, or to any relief whatsoever as against Defendants.

FURTHER ANSWERING THE COMPLAINT, Defendants interpose the following defenses:

1.    The Complaint fails to state a claim upon which relief may be granted.

2.    Many or all of the claims alleged in the Complaint are barred by the applicable statute of limitations.

3.    Any claim for equitable or discretionary relief is barred by the doctrine of unclean hands.

3(a)    Plaintiff Thong intentionally, willfully, and unlawfully under-reported her tip income for tax purposes, despite being counseled on repeated occasions not to engage in such tax fraud. This course of action by Thong constituted numerous separate violations of federal law with respect to her compensation and tax obligations.

3(b)    Before her voluntary resignation of employment, Plaintiff Thong intentionally took confidential information from the Salon, including information identifying prominent customers of the Salon, for purposes of engaging in unfair competition with the Salon. This course of action by Thong constituted violations of the Uniform Trade Secrets Act, breach of her fiduciary duty to her employer, conversion, and theft.

3(c)    After her voluntary resignation of employment, Plaintiff Thong intentionally contacted her former co-workers in repeated attempts to convince them to steal confidential information from the Salon for Thong's own purposes.

3(d)    After her voluntary resignation of employment, Plaintiff Thong intentionally breached a limited and enforceable six-month, five-mile covenant not to compete.

3(e)    After her voluntary resignation of employment, Plaintiff Thong attempted to blackmail her former employer from attempting to enforce the covenant not to compete she entered into, by threatening to claim she was sexually harassed if enforcement of the covenant was attempted. When an action was filed attempting to enforce the covenant, Plaintiff Thong filed this action in retaliation and in an attempt to enhance her bargaining leverage in the covenant enforcement litigation.

4.    On information and belief, and subject to further investigation, inquiry, and discovery as provided for in Fed. R. Civ. P. 11(b)(3), plaintiff has failed to mitigate her damages.

5.    Any discrimination or harassment alleged to have been suffered by Thong, such discrimination being denied, was contrary to her employer's policy, and any claim for punitive damages is barred by the doctrine of *Kolstadt v. American Dental Association.*

6.    No retaliatory action alleged to have been suffered by Thong, such retaliation being denied, was of sufficient type and quality to deter a reasonable employee from protected

activity, and any claim for retaliation is barred under the doctrine of *Burlington Northern Railroad v. White.*

       7.     Discriminatory conduct or harassment based on sex is flatly prohibited by Thong's employer's policy, and Thong unreasonably failed to take advantage of preventive or corrective opportunities provided.  Any claim for discriminatory treatment, harassment, or constructive discharge is barred under the doctrine enunciated in *Faragher v. City of Boca Raton* and *Ellerth v. Burlington Northern Railroad.*

WHEREFORE, said premises being considered, defendants respectfully request that plaintiff take nothing, that the Complaint be dismissed and judgment entered in their favor and against plaintiff, and that defendants be awarded their costs and expenses incurred in this matter, including a reasonable attorney's fee.

April 5, 2007                                   Respectfully submitted,


                                                John M. Bredehoft
                                                D.C. Bar No. 375606
                                                KAUFMAN & CANOLES, P.C.
                                                150 West Main Street, Suite 2100
                                                Norfolk, Virginia 23510
                                                757-624-3225 (direct voice line)
                                                757-624-3169 (facsimile)
                                                jmbredehoft@kaufcan.com

                                                Counsel for all defendants