**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JENNIFER THONG | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil No. 1:06-1807 (RCL) |
| | ) |
| ANDRE CHREKY SALON, et al. | ) |
| | ) |
| Defendants. | ) |

## JOINT MOTION TO CONSOLIDATE DISCOVERY

Plaintiff Jennifer Thong is joined by Plaintiff Ronnie Barrett and Defendants Andre

Chreky Salon, Andre Chreky, SPAC, LLC, in moving this Court to consolidate discovery in this

case with the related companion case *Barrett v. Chreky et al.*, Civil Action No. 07-250, under

Federal Rule of Civil Procedure 42. Given the substantial overlap of facts and legal issues

common to these companion cases, consolidation of discovery would best promote judicial

economy and conserve resources for all parties involved.

BACKGROUND

Plaintiffs Jennifer Thong ("Ms. Thong") and Ronnie Barrett ("Ms. Barrett") were

employed at the Andre Chreky Salon ("Salon") as stylists. Ms. Thong was employed at the

Salon from 1998 to April 2006. Ms. Barrett was employed from September 2004 to December

2005. In their complaints, both women alleged to have been subjected to sexually harassing and

explicit remarks, unwelcome touching, sexual demands, ridicule, intimidation and other abuse by

Salon owner Andre Chreky ("Mr. Chreky"). Both women also allege that the Salon and Mr.

Chreky failed to compensate them for overtime and withheld their tips. Amongst the claims each

Plaintiff is pursing, they both share common claims for violations of the District of Columbia

Human Rights Act, District of Columbia Wage and Hour Act, District of Columbia Wage

Payment and Collection Act, and the Fair Labor Standards Act, and for conversion.

Both cases have begun discovery with the exchange of interrogatories and documents.

Depositions in both cases have yet to begin. And, as is evident by the Initial Disclosures, both

cases involve the same witnesses – their former colleagues at the Salon, Mr. and Mrs. Chreky,

and the management of the Salon and SPAC, LLC. Depositions sought will involve many, if not

all, of the same witnesses. The discovery process, which is scheduled to conclude at about the

time period in both cases, will proceed expeditiously and efficiently if the parties can proceed in

a coordinated fashion.[1] Moreover, consolidating discovery in these matters will not hinder the

procession of the cases because a trial date has yet to be scheduled in either case.

ARGUMENT

"When actions involving a common question of law or fact are pending before the court, .

. . it may make such orders concerning proceedings therein as may tend to avoid unnecessary

costs or delay." Rule 42. The decision to grant such a consolidation for discovery purposes is

within the broad authority of the trial court. *See am. Postal Workers Union v. USPS*, 422 F.

Supp.2d 240, 245 (D.D.C. 2003). "Actions that involve the same parties are apt candidates for

consolidation." *Blasko v. Wash. Metropolitan Area Transit Auth.*, 2007 WL 2263096, * 2

(D.D.C. 2006). "Moreover, consolidation is particularly appropriate when the actions are likely

to involve substantially the same witnesses and arise from the same series of events or facts." *Id.*

*(citing David v. Buffalo Psychiatric Ctr.*, 1998 WL 47355, *1 (W.D.N.Y. 1988)).

It is apparent from the face of the Thong and Barrett Complaints that the cases are

"inextricably related." *See Biochem Pharma, Inc. v. Emory University*, 148 F. Supp.2d 11, 13

---

[1]    Discovery in Ms. Thong's case is scheduled to conclude on September 28, 2007 and
discovery in Ms. Barrett's case is scheduled to conclude on October 24, 2007.

2

(D.D.C. 2001). Both cases are alleged to be been sprung from the hostile work environment they were subjected to by Mr. Chreky at the Salon. Mr. Chreky is alleged to have make harassing and sexually explicit remarks to both women and made unwelcome physically advances. In addition, both women believe that they were not fairly compensated for the overtime time they worked and were shorted tips earned. As such, Ms. Thong's and Ms. Barrett's cases raise common questions of law and fact.

Further, the parties and witnesses involved in the cases are essentially the same. Both cases name the same defendants and involve many, if not all, of the same witnesses. Depositions of these same witnesses are about to begin in each case. The time and expense of taking duplicative depositions could be saved by allowing joint discovery. Coordinated depositions would provide the parties an opportunity to explore general questions central to the cases, such as questions about the work environment and the Salon's compensation practices, as well as provide an opportunity for specific questions to be asked regarding the unique factually circumstances surrounding each Plaintiff's individual treatment. Consequently, consolidation of the companion cases *Thong v. Chreky et al.* and *Barret v. Chreky et al.* would serve the interests of judicial economy and greatly aide the progress of each case.

## CONCLUSION

For the foregoing reasons, Plaintiffs in both the instant case and in *Barrett v. Chreky et al.*, Civil Action No. 07-250, as well as the consent of the common Defendants, respectfully request that the Court grant this Motion and consolidate discovery in the companion cases, with

both cases tracking the Scheduling Order in *Barrett v. Chreky et al.*, Civil Action No. 07-250,

with discovery closing on October 24, 2007.[2]

Dated: August 31, 2007

Respectfully submitted,

By:    _____/s/_____
Jonathan G. Rose
Hana F. Brilliant
Katten Muchin Rosenman, LLP
1025 Thomas Jefferson St., N.W.
East Lobby, Suite 700
Washington, District of Columbia 20007
(202) 625-3807 (direct voice line)
(202) 339-8258 (fax)
jonathan.rose@kattenlaw.com

Counsel for Plaintiff Jennifer Thong


_____/s/_____
Debra S. Katz
Ari M. Wilkenfeld
Katz, Marshall & Banks, LLP
1718 Connecticut Avenue, N.W.
Sixth Floor
Washington, D.C. 20009
202-299-1140 (phone)
202-299-1148 (fax)
katz@kmblegal.com

Counsel for Plaintiff Ronnie Barrett

---

[2]    The Plaintiffs may subsequently determine, for reasons of judicial economy or otherwise, to consolidate the trials. Defendants have informed Plaintiffs that they would oppose such a motion.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JENNIFER THONG ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 06-1807 (RCL) |
| ) | |
| ANDRE CHREKY SALON, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

### PROPOSED ORDER

This matter comes before the Court upon Plaintiffs Jennifer Thong's and Ronnie Barrett's

Joint Motion to Consolidate Discovery in Civil Action Nos. 06-1807 (RCL) and 07-250 (RCL).

Now, the Court having duly considered the Plaintiffs' Motion, and the Defendants consent

thereto, it is hereby

ORDERED, ADJUDGED, AND DECREED as follows:

That the Plaintiffs' Joint Motion to Consolidate Discovery is Granted.

IT IS SO ORDERED, this _____ day of September, 2007.


_____
Honorable Royce C. Lamberth
United States District Court Judge

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of August, 2007, I caused true copies of the

foregoing Joint Motion to Consolidate Discovery, and Proposed Order to be served by e-mail on:

John Bredehoft, Esq.
David J. Sullivan, Esq.
Kaufman & Canoles, P.C.
150 West Main Street, Suite 2100
Norfolk, Virginia 23510


_____/s/_____
Jonathan G. Rose

6