## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| JENNIFER THONG, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case Number: 06-CV-01807-RCL |
| ANDRE CHREKY, et al., | ) ) ) |
| Defendants. | ) |

### GOODMAN & COMPANY, LLP'S OBJECTIONS TO AND MOTION TO QUASH PLAINTIFF'S SUBPOENA DUCES TECUM

COMES NOW, non-party Goodman & Company, LLP, ("Goodman"), by counsel, pursuant to Fed. R. Civ. P. 45(c) and objects to and moves to quash the Subpoena Duces Tecum, (the "Subpoena") attached hereto as *Exhibit A*, on the following grounds:

1. The Subpoena requires Goodman to produce documents which it cannot disclose absent written consent of its clients, Andre Chreky, Andre Chreky, Inc., and SPAC, LLC, (the "Clients") pursuant to treasury regulation 26 CFR § 301.7216 (2007). Plaintiff's subpoena does not fall under any exception, not requiring written consent, carved out in the treasury regulation. 26 CFR § 301.7216-2 (2007). As a result, Goodman cannot produce the documents requested by the Subpoena absent written consent from its Clients. 26 CFR § 301.7216-3 (2007). The Clients have not provided this written consent to Goodman. Goodman has requested written consent from the Clients, through their counsel and directly, at their counsel's direction, and Goodman has forwarded a written consent form to the Clients' attorney, attached herein as *Exhibit B*. Until Goodman obtains written consent on behalf of each of the Clients, Goodman cannot produce documents pursuant to the Subpoena.

2. The Subpoena subjects Goodman to undue burden. Fed R. Civ. P. 45(c)(3)(A)(iv). Plaintiff requests "all" records and "all" correspondence in Goodman's possession relating to "any" financial, business, accounting, or tax matters performed on behalf of Andre Chreky; Andre Chreky, Inc.; Andre Chreky Salon and Spa; or SPAC, LLC (the "Defendants") from "January 2000 through the present" making the subpoena overly broad, vague, and insufficiently tailored to allow Goodman to make a reasonable response. First, Plaintiff requests that Goodman produce documents for entities, which were never Goodman's clients. Goodman never performed any work at any time for Andre Chreky Salon and Spa. Thus, Goodman has no documents relating to Andre Chreky Salon and Spa. Secondly, the subpoena requests documents from January 2000 to the present. Goodman only performed services from 2001 to the present for Andre Chreky, Inc. Additionally, Goodman only represented SPAC, LLC and Andre Chreky until 2006. Without waiving these objections, Goodman, if it receives written consent from each Client which is referenced in the Subpoena, will produce non-privileged, responsive documents in its possession.

3. Plaintiff did not take reasonable steps to avoid imposing undue burden or expense on Goodman. Fed. R. Civ. P. 45(c)(1). Accordingly, Goodman requests its reasonable attorney's fees. *Id.* Also, Goodman has repeatedly requested extensions to respond to the subpoena so that it can receive written consent and forego having to make this Motion. Plaintiff's counsel refused to grant the extension.

4. The Subpoena requests documents which potentially contain Goodman's confidential proprietary information. Fed. R. Civ. P. 45(c)(3)(A)(iii). The Subpoena requests production of "all" correspondence between Goodman and Defendants relating to "any" financial, business, and accounting, or tax matters, thus exposing Goodman to revealing

2

protected matters. Furthermore, the Subpoena encompasses a myriad of documents, including protected personal documents of Andre Chreky, to which Plaintiff indisputably is not entitled. This objection may be unopposed by Plaintiff's attorney given that a protective order is to be filed with the Court between the Plaintiff and the Defendants, which may encompass documents produced pursuant to the Subpoena. See Plaintiff's counsel's email attached herein as *Exhibit C*. Plaintiff's counsel will have to speak to this issue. Goodman will prepare a Protective Order for the parties' review to protect from disclosure to third parties those documents which constitute Goodman's confidential proprietary information. This Protective Order will not protect any documents from disclosure to Plaintiff. A draft of this Protective Order will be circulated this week, in the event that the Protective Order prepared by the parties does not encompass Goodman's confidentiality concerns.

5. Goodman further objects on the grounds that many of the documents requested are already in Plaintiff's possession.

6. The deadline for compliance is November 16, 2007, which does not provide a reasonable amount of time to respond, particularly considering the scope of documents requested and the foregoing concerns. Goodman thus objects to and moves to quash the Subpoena on the grounds that it does not provide a reasonable time for compliance. Fed. R. Civ. P. 45(c)(2)(B) and 45(c)(3)(A)(i).

7. Pursuant to local rule LCvR 7(m), the required meet and confer, attached herein as *Exhibit C*, has occurred and Plaintiff has not agreed to an extension of the subpoena.

8. WHEREFORE, for the foregoing reasons, GOODMAN & COMPANY, LLP, by counsel, requests this Court enter an Order (sketch attached) quashing the Subpoena duces tecum served on Goodman by Plaintiff.

Respectfully submitted,

/s/_____
James W. Walker, Esquire
D.C. Bar No.: 495552
jwalker@vanblk.com
Vandeventer Black LLP
707 East Main Street, Suite 1700
P.O. Box 1558
Richmond, VA 23218-1588
(804) 237-8800
(804) 237-8801 (fax)
*Attorney for non party*
*Goodman & Company, LLP*

Renu Mago, Esquire
D.C. Bar No: 446646
Vandeventer Black LLP
707 East Main Street, Suite 1700
P.O. Box 1558
Richmond, VA 23218-1588
(804) 237-8800
(804) 237-8801 (fax)
*Of counsel for non party*
*Goodman & Company, LLP*

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 12th day of November 2007, Goodman & Company, LLP's foregoing Objections to and Motion to Quash Plaintiff's Subpoena Duces Tecum was e-filed with the United States District Court District of Columbia and a true and exact copy was served via first class mail, postage pre-paid, on the following:

        Jonathan G. Rose, Esquire
        Sheppard Mullin Richter & Hampton, LLP
        1300 I Street NW – 11th Floor East
        Washington, D.C. 20005
        *Counsel for Plaintiff Jennifer Thong*

        John Bredehoft, Esquire
        David Sullivan, Esquire
        Kaufman & Canoles
        Suite 2100
        150 West Main Street
        Norfolk, Virginia 23510
        *Counsel for Defendants*

        /s/_____
        James W. Walker, Esquire

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| **JENNIFER THONG,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case Number: 06-CV-01807-RCL |
| | ) |
| **ANDRE CHREKY, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

### ORDER GRANTING GOODMAN & COMPANY, LLP's OBJECTIONS TO AND MOTION TO QUASH PLAINTIFF'S SUBPOENA DUCES TECUM

This matter came before the Court on non-party Goodman & Company, LLP's ("Goodman") motion to quash the subpoena served by Plaintiff, Jennifer Thong.

Based upon the argument of counsel, the motions and pleadings before this Court and for good cause shown, non-party Goodman's objection and motion to quash the Plaintiff's subpoena served by Plaintiff is hereby **GRANTED** and it is **ORDERED** that the subpoena served by Plaintiff shall be quashed.

The Clerk is directed to send a copy of this Order to all counsel of record.

ENTER:   /   /

_____
Judge Royce C. Lamberth, United States District
Court for the District of Columbia

**Attorney to be E-Served:**

James W. Walker, Esquire
D.C. Bar No.: 495552
jwalker@vanblk.com
Vandeventer Black LLP
707 East Main Street, Suite 1700
P.O. Box 1558
Richmond, VA 23218-1588
(804) 237-8800
(804) 237-8801 (fax)
*Attorney for non party Goodman & Company, LLP*

**Attorneys to be served by Mail:**

Jonathan G. Rose, Esquire
Sheppard Mullin Richter & Hampton, LLP
1300 I Street NW – 11th Floor East
Washington, D.C. 20005
*Counsel for Plaintiff Jennifer Thong*

John Bredehoft, Esquire
David Sullivan, Esquire
Kaufman & Canoles
Suite 2100
150 West Main Street
Norfolk, Virginia 23510
*Counsel for Defendants*

Renu Mago, Esquire
D.C. Bar No: 446646
Vandeventer Black LLP
707 East Main Street, Suite 1700
P.O. Box 1558
Richmond, VA 23218-1588
(804) 237-8800
(804) 237-8801 (fax)
*Of counsel for non party
Goodman & Company, LLP*

AO88 (Rev. 12/06) Subpoena in a Civil Case

# Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

JENNIFER THONG

V.

ANDRE CHREKY SALON, ET AL.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 06-CV-01807-RCL

TO: Goodman & Company, LLP
1430 Spring Hill Road, Suite 300
McLean, Virginia 22102

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
**SEE ATTACHMENT A**

| PLACE | DATE AND TIME |
|---|---|
| Sheppard Mullin Richter & Hampton, LLP<br>1300 I Street, NW - 11th Floor East - Washington, D.C. 20005 | 11/16/2007 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ | 10/31/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jonathan G. Rose, Esq., Attorney for Plaintiff Jennifer Thong
Sheppard Mullin Richter & Hampton, LLP 1300 I St, NW - 11th Floor East - Washington, D.C. 20005 (202) 218-0000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.


EXHIBIT A

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
           DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises— or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## **Attachment A**

Please produce:

Any and all records of Andre Chreky; Andre Chreky, Inc; Andre Chreky Salon and Spa; or SPAC, LLC from January 1, 2000 through the present, including, but not limited to all payroll records, tax preparation documents and work papers, financial records, and any and all correspondence (including e-mails) between Goodman & Company, LLP and Andre Chreky; Andre Chreky, Inc; Andre Chreky Salon and Spa; or SPAC, LLC relating to any financial, business, accounting, or tax matters.

Sheri E. Joy
804. 237. 8813- direct
804. 237. 8801- fax
sjoy@vanblk.com
Licensed in Virginia and Illinois

# VANDEVENTER BLACK LLP
Attorneys At Law

707 East Main Street, Suite 1700 • P.O. Box 1558 • Richmond, Virginia 23218-1558 • Office 804.237.8800 • Fax 804.237.8801

November 7, 2007

Andre and Serena Chreky
548 River Bend Road
Great Falls, VA 22066

Re: *Thong v. Chreky, et al.*
Case Number: 06-CV-01807-RCL

Dear Mr. and Mrs. Chreky:

Tax preparer, Goodman & Company, LLP ("Goodman"), requests written consent from you, the taxpayer, pursuant to Treasury Regulations, Subchapter F, Section 301.7216, to allow Goodman to comply with the subpoena issued out of the United States District Court District of Columbia, in the case styled *Jennifer Thong v. Andre Chreky Salon, et al.*, case number 06-CV-01807-RCL, a copy of which is attached with this correspondence. Your signatures below will grant written consent to allow Goodman to comply with the attached subpoena on behalf of Andre Chreky personally, Andre Chreky, Inc., and SPAC, LLC from the years 2001-present.

Goodman agrees and understands that your tax return information may not be disclosed or used by Goodman for any purpose (not otherwise permitted under §301.7216-2) other than to comply with the attached subpoena. You agree that you consent, on behalf of Andre Chreky personally, Andre Chreky, Inc., and SPAC, LLC, to the disclosure or use of your information for the purpose of allowing Goodman to comply with the subpoena attached herein.

We thank you for your assistance with this matter.

_____  _____          _____  _____
Date             Andre Chreky              Date             Serena Chreky


EXHIBIT B

| | |
|---|---|
| **From:** | Renu Mago |
| **To:** | Jonathan Rose |
| **Date:** | 11/9/2007 4:48 PM |
| **Subject:** | Re: Subpoena Issued to Goodman & Company, LLP |
| **CC:** | Dixie Szabo; Emily Seymour; katz@kmblaw.com; Sheryn Joy; wilkenfeld@... |

Jonathan:

With respect to your first point, we have reached out on numerous occasions both to Mr. Sullivan and, at his request, to the Chrekys personally. He advised that the Chrekys have to agree to a written consent and that he is not and will not be involved. The Chrekys will not return our call. Absent an order or written consent, we are not permitted to produce the documents. We are trying to work with you, but you won't agree to an extension, and we can't produce the documents. Despite our attempts to confer, we are without recourse. We need a written consent from each entity for which you requested documents.

We can only produce what we have - the subpoena is overbroad in that it asks us to produce documents for client we didn't have.

This is the first I have heard of the protective order. Again, if Mr. Sullivan, you, or the Chrekys can get us the written consent, we don't have, and don't want to have, a dog in this fight.

Our deadline to file our objection Motion to Quash is Nov 14. If we don't have the consent by then, we must object and file the motion to quash, unless we have an extension.

Renu


Renu Mago, Esq.
Vandeventer Black LLP
707 E. Main Street, Suite 1700
P.O. Box 1558
Richmond, Virginia 23218-1558
Telephone - 804-237-8806
Fax - 804-237-8801
rmago@vanblk.com

>>> "Jonathan Rose" <JRose@sheppardmullin.com> 11/8/2007 7:09 PM >>>
Renu,

I have had an opportunity to review the letter dated 11/7 from Sheryn,
and am now able to respond. With respect to your first point, although
I believe that there is an applicable exception, I am without the
ability to research it at this time because I'm out of the office.
However, I do understand that the reg. could suggest your interpretation
might apply and, therefore, understand your desire to take the safest
possible course. With that said, it is my understanding that Mr. Chreky
will execute the consent, and have reached out to his counsel, David
Sullivan at Kaufman & Canoles to enlist his assistance to ensure that he
does comply short of a court order.

With respect to your second point, as I indicated in my earlier message,
it makes no sense to object to a subpoena being overbroad, if it is
based on the reality that the subpoenaed party does not have possession,
custody or control of responsive documents. Thus, your objection is
simply inapplicable and, therefore, your client has no reason to object
if they don't have possession, custody or control of responsive
documents.


EXHIBIT C

With respect to your third point, the parties have been operating for
the past 4 months (i.e., including covering Mr. and Mrs. Chreky's
personal tax returns among other highly sensitive financial materials)
under a Protective Order, that until this week, was still being
finalized. The Protective Order is going to be filed on Monday, so
there should be no issue whatsoever. To the extent you have any
remaining concerns regarding this issue, you should contact Mr. and Mrs.
Chreky's attorney, David Sullivan.

I believe that addresses the issues raised in your letter. Please let
me know if you have any remaining concerns, and I will be happy to
address them. The best way to reach me is on my cell, 202-669-0292.
Best regards, JR.

-----Original Message-----
From: Renu Mago [mailto:rmago@VANBLK.COM]
Sent: Thursday, November 08, 2007 11:23 AM
To: Jonathan Rose
Cc: Dixie Szabo; Sheryn Joy
Subject: Re: subpoena

Mr. Rose:

We have a deadline to file the objections, but we have been working in
good faith to resolve these issues. Our main issue is that we do not
have consent to release the tax documents. Other issues, though,
involve the overbreadth of your supboena. We cannot merely ignore the
fact that your subpoena requests documents we don't have; we need to
raise the objection if you will not modify your subpoena before we are
required to file a response. If you truly desire that we "hold our
powder" then give us an extension.


Renu Mago, Esq.
Vandeventer Black LLP
707 E. Main Street, Suite 1700
P.O. Box 1558
Richmond, Virginia 23218-1558
Telephone - 804-237-8806
Fax - 804-237-8801
rmago@vanblk.com

>>> "Jonathan Rose" <JRose@sheppardmullin.com> 11/8/2007 2:19 PM >>>
I just landed and will get back to you by tomorrow but, hold your
powder, based on our discussionI doubt there isn't anything that can't
be resolved.
Jonathan G. Rose
Sheppard Mullin Richter & Hampton LLP
1300 I Street, N.W.
11th Floor East
Washington, D.C. 20005
202-772-5390 (Direct)
202-669-0292 (Cell)
202-312-9410 (Fax)
jrose@sheppardmullin.com

----- Original Message -----
From: Sheryn Joy <sjoy@VANBLK.COM>
To: Jonathan Rose
Cc: Renu Mago <rmago@VANBLK.COM>
Sent: Thu Nov 08 14:09:24 2007

Subject: subpoena

Dear Mr. Rose:

Please contact me no later than tomorrow morning regarding our concerns
for the subpoena. I know that you mentioned you were traveling to LA (I
don't remember which day) but if I don't hear back I will have to go
ahead and file the motion to quash to preserve my client's objections
considering your notice requires us to produce by next week. I thank
you for your understanding.

Regards,


Sheryn E. Joy, Esquire
Vandeventer Black LLP
Eighth & Main Building
707 East Main Street, Suite 1700
Richmond, Virginia 23218-1558
(804) 237-8813 (direct)
(804) 237-8801 (fax)

This message is sent by a law firm and may contain information that is
privileged or confidential. If you received this transmission in error,
please notify the sender by reply e-mail and delete the message and any
attachments.


Sheppard, Mullin, Richter & Hampton LLP
Please visit our website at www.sheppardmullin.com