IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JENNIFER THONG, <br><br> Plaintiff <br><br> v. <br><br> ANDRE CHREKY, an individual, <br> ANDRE CHREKY SALON, <br> and SPAC, L.L.C., <br><br> Defendants. | Civil No. 1:06-1807 (RCL) |

**PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HER MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS**

I.  INTRODUCTION

Plaintiff Jennifer Thong ("Plaintiff" or "Ms. Thong") served her Second Request for the Production of Documents on Defendants on October 26, 2007. Defendants originally responded to Ms. Thong's discovery on November 26, 2007, without producing any actual documents. After the parties' counsel conducted a Local Rule 7(m) conference to discuss Defendants' deficient discovery responses and to minimize the necessity for a motion to compel, Defendants provided Plaintiff with amended discovery responses. Based on Defendants' original discovery objections and responses, amended discovery objections and responses, and the representations made by Defendants' counsel during the parties' Local Rule 7(m) conference, Plaintiff filed her Motion to Compel ("Motion") with this Court on December 21, 2007.

Now, despite ample opportunities to provide accurate information in their original responses, amended responses and during the parties' Local Rule 7(m) conference, Defendants raise completely new arguments and assertions about the existence (or non-existence) of

documents for the first time in their Opposition to Plaintiff's Motion ("Opposition"). Plaintiff is dumbfounded that Defendants would wait to reveal that certain documents either do not exist, or are no longer in Defendants' possession, rather than making such an assertion in either their original or amended discovery responses, or during the parties' Local Rule 7(m) conference. Defendants actions indicate they failed to participate in the discovery process good faith and needlessly misled Plaintiff. Obviously if Plaintiff had known that the requested documents either did not exist or were no longer in Defendants' possession, Plaintiff certainly would never have burdened this Court with a motion to compel the production of those particular documents.

    Defendants' Opposition further demonstrates that Defendants' substantive objections are meritless. Contrary to Defendants' conclusory assertions, Plaintiffs document requests seek information that is discoverable given the broad scope of discovery at this stage in the litigation. In addition, Defendants still fail to produce any specific evidence that the document requests at issue are overly burdensome, as required by this Court. Instead, Defendants have the audacity to suggest that Plaintiff should burden disinterested, <u>non-parties</u> to this litigation, instead of first seeking the documents from Defendants in this case. Moreover, Defendants' copies of the same categories of documents might well reveal different information from those versions maintained by the non-parties.

    Accordingly, for the reasons set forth in Plaintiff's Motion and herein, this Court should order Defendants to produce the requested documents. To the extent Defendants represent in their Opposition that documents no longer exist or are no longer in Defendants' possession, this Court should order Defendants to provide verified, amended discovery responses to reflect these assertions. Moreover, this Court should award Plaintiff her attorney's fees and costs in bringing this motion to compel which could have been avoided if Defendants' provided this pertinent

information in their original responses, amended responses, or during the parties' Local Rule 7(m) conference.

## II. THIS COURT SHOULD ORDER DEFENDANTS TO PRODUCE DISCOVERABLE DOCUMENTS

Ms. Thong's document requests are reasonably calculated to lead to the discovery of admissible evidence in this case and well within the permissible scope of discovery, and Defendants' objections are wholly without merit.

### A. Defendant Should Be Ordered to Produce Employee Time Records

As a preliminary matter, this Court should not permit Defendants to raise new objections in their Opposition that were not raised in their original responses or in the parties' Local Rule 7(m) conference. Ms. Thong requested Defendants produce documents evidencing the number of hours actually worked by employees of the Salon, including but not limited to time cards, work schedules, and notes or reports kept by supervisors or managers at the Salon. (See Ex. A, Doc. Req. No. 19.)[1] Defendants did not raise any objection to the relevance of this Request. (See Ex. C, at p. 5.) Rather, Defendants simply objected to this Request on the basis that it "is duplicative, as Defendants have previously produced all payroll records, which reflect hours worked, for all employees currently maintained by Defendants." (Id.)

Now, with their Opposition, Defendants assert that there is "no conceivable way that records evidencing hours worked, dating back to 1998 – even if they were in Defendants'

---

[1] Initially, Defendants objected to this request on the basis that it is "not limited in time." (See Ex. C, at p. 5.) However, during the conference of counsel, Plaintiff limited this request to the period of 1998 to the present, consistent with the relevant time frame of the allegations contained in the complaint, and Ms. Thong's employment with Defendant. (See Ex. E, at p. 3.)

possession – could lead to the discovery of admissible evidence." (Opp., at p. 2.) Neither in their discovery responses nor during the parties' Local Rule 7(m) conference did Defendants ever raise an objection to the relevance of this document request. Defendants should not be permitted to raise new objections that were not timely raised in their original responses, as all unasserted objections are deemed waived.

Nevertheless, Defendants' bold assertion that there is "no conceivable way that records evidencing hours worked, dating back to 1998 – even if they were in Defendants' possession – could lead to the discovery of admissible evidence" (Opp., at p. 2.), is simply false. Defendants assume Plaintiff would only use time records to support her calculation of past overtime compensation due under the FLSA, which reflects an overly narrow view of how time records might be relevant to this action. While the time records may be used to support Plaintiff's calculation of unpaid overtime compensation under the FLSA, time records of Defendants' employees from 1998 to the present are relevant to establishing Defendants' willful disregard of both the FLSA and DC Wage and Hour Act, both before and after the United States Department of Labor investigated Defendants' pay practices. Moreover, as Ms. Thong alleged in her Complaint, Mr. Chreky frequently punished Ms. Thong by adjusting her schedule and number of clients when she would not succumb to his sexual advances. (See, e.g., Amended Complaint, ¶¶ 65, 76.) The requested time records are relevant to establishing that Mr. Chreky frequently adjusted or reduced Ms. Thong's schedule, and possibly other employees, as a form of punishment for resisting his sexual advances.

Defendants' statement that they have already produced all responsive documents in their possession by their production of payroll records is misleading. Payroll records do not necessarily reflect the hours actually worked by Defendants' employees. Defendants' payroll

records reflect only those hours employees were permitted to report on their time cards, or those hours for which they "punched in" on the time clock (i.e., when they are "on-the-clock"). Documents reflecting the actual hours worked by Defendants' employees - such as handwritten time cards, work schedules, calendars and notes – are relevant to establishing both the excessive off-the-clock hours worked by Defendants' employees, including Ms. Thong, for which they have not been not compensated, and the instances in which Mr. Chreky punished Ms. Thong and other employees for failure to comply with his sexual advances, by reducing hours or client schedules. Defendants should not be excused from producing time records simply because they have already produced payroll records – these are two distinct categories of documents, both of which should be maintained by Defendants in the ordinary course of business.

Defendants assert for the first time in their Opposition that they "have already provided Plaintiff with "all . . . time cards in their possession evidencing hours worked." Defendants did not make such an assertion in their discovery responses. Furthermore, at no point during the Local Rule 7(m) conference did Defendants' inform Plaintiff that all time records had already been produced. Contrary to Defendants' assertion, Plaintiff is not asking Defendants to "manufacture such additional responsive information where it does not exist." (Opp., at p. 3.) If, in fact, no additional, responsive documents exist, Defendants should have informed Plaintiff at the Local Rule 7(m) conference that no additional documents exist. Had such a representation been timely made, Plaintiff would never have burdened this Court with a motion to compel production of documents that do not exist.

This Court should order Defendants to produce these relevant, non-privileged time records. In the alternative, if no such documents exist, Defendant should be ordered to provide amended, verified discovery responses stating as such.

B. <u>Defendant Should Be Ordered to Produce Mr. Chreky's Prior Testimony</u>

On information and belief that Mr. Chreky provided some testimony in the matter <u>Commonwealth ex rel. Doudaklian v. Andre Chreky</u> ("the <u>Doudaklian</u> case"), in the Fairfax County Circuit Court, State of Virginia, Ms. Thong requested the verified transcript of the deposition of Andre Chreky in that case. Defendants objected to this request on the sole basis that it is not likely to lead to the discovery of admissible evidence. (<u>See</u> Ex. C, at p. 6.)

Now, with their Opposition, Defendants assert, for the first time, that no such deposition transcript exists because Mr. Chreky was not deposed in that case. At no point in their responses, amended responses, or during the parties' Local Rule 7(m) conference did Defendants <u>ever</u> reveal that Mr. Chreky was not deposed in that case, and therefore no deposition transcript exists. Clearly, Plaintiff would not have burdened this Court with a motion to compel if Defendants had been forthcoming during the discovery process and informed Plaintiff that no deposition transcript exists.

Nevertheless, Defendant should be ordered to produce a copy of Mr. Chreky's hearing testimony in that case, because it is relevant to evaluating Mr. Chreky's credibility here.[2] In this case, Mr. Chreky has provided Ms. Thong with sworn, verified discovery responses. In addition, Mr. Chreky is will soon be scheduled to appear for a deposition. Consequently, Mr. Chreky' credibility is, and will be, at issue in this case, and Plaintiff will have the opportunity to test Mr. Chreky' credibility at his deposition.

---

[2] Defendants' Opposition references that Mr. Chreky provided some "testimony" in that case. Had Defendants informed Plaintiff that Mr. Chreky's testimony was not in fact at a deposition, but at a hearing, Plaintiff would have revised and re-issued her request to seek "hearing testimony" instead of a "deposition transcript." Instead, with their responses, Defendants' implied that deposition testimony existed, and they simply refused to produce it.

Plaintiff does not have to accept as true Defendants' summary assertion that: "Mr. Chreky, if questioned by Plaintiff on this point at any time during the pending case, will not change his prior testimony that he is not the father of the child involved in that case." Plaintiff is entitled to test Mr. Chreky's credibility in his deposition for herself, and is not required to rely solely upon an assertion from her counsel in a brief as support of Mr. Chreky's credibility. In order to adequately assess Mr. Chreky's credibility, Plaintiff needs to review his prior, sworn testimony and have the opportunity to interrogate him during his deposition about its contents.

Plaintiff respectfully requests that this Court order Defendants to produce Mr. Chreky's prior testimony in the Doudaklian case. If necessary, Plaintiffs will re-issue a new document request calling specifically for "testimony" as opposed to a deposition transcript, if no deposition transcript actually exists. In addition, if no deposition transcript exists, Defendants should be ordered to provide amended, verified discovery responses stating as such.

C. Defendants Should Be Ordered to Produce Defendants' Credit Card and Telephone Statements

Contrary to Defendants' contention, Defendants' credit card and telephone statements are likely to lead to the discovery of admissible evidence here. As stated previously, Rule 26(b)(1) is a very broad rule allowing discovery regarding any claim or defense, even allowing discovery of material which would be inadmissible at trial but, at the time of discovery, appears reasonably calculated to lead to admissible evidence. See Fed.R.Civ.P. 26(b)(1); Centinela, 242 F.R.D. at 6-7.

Given the liberal standard for discovery, Defendants' credit card and telephone statements are relevant and likely to lead to the discovery of admissible evidence in this case. Based on prior witness testimony, and information provided to Plaintiffs' counsel informally from

witnesses in this case, Plaintiff has determined that Defendants' credit card and telephone statements may lead to the discovery of admissible evidence in support of her theories of the case as set forth in Plaintiff's Motion. Plaintiff is not required to provide Defendants with a roadmap of exactly how these documents will support her case, or may lead to admissible evidence. Furthermore, Defendants' offer no support for their assertion that Plaintiff must provide more specific evidence in order to justify her requests. Plaintiff is entitled to seek any information that appears <u>reasonably</u> calculated to lead to admissible evidence.

Moreover, Defendants' "overly burdensome" objections should be overruled because Defendants' provide no specific evidence or affidavits to explain why this production would be overly burdensome. Instead, Defendants claim the Federal Rules do not require Defendants to provide affidavits or other evidence in support of their objections. (Opp., at p. 6.) Yet, regardless of the requirements under the Federal Rules, the United States District Court for the District of Columbia, and more specifically, Judge Lamberth, does require affidavits or other offerings of evidence in order to sustain an "overly burdensome" objection. <u>Tequila Centinela, S.A. de C.V. v. Bacardi & Co. Ltd.</u>, 242 F.R.D. 1, 10 (D.D.C. 2007) (Lamberth, J.) Since the onus is on Defendants to demonstrate how the requests are overbroad and unduly burdensome, conclusory objections without more, should be overruled. <u>Id.</u>

On the contrary, Defendants own admissions actually confirm that these requests are <u>not</u> overly burdensome. Defendants admit in their discovery responses that there is only one credit card at issue, and Defendants "do not retain credit card statements generally, and are not in the possession of any credit card statements pre-dating the filing of Plaintiff's Complaint in

September 2006, specifically."[3] If Defendants truly only have records dating back to September 2006 (i.e., 16 months worth of credit card statements), for only one credit card, this production would encompass roughly 16 pages of documents. Likewise, Defendants "do not retain telephone statements, generally, and are not in the possession of any telephone statements pre-dating the filing of Plaintiff's Complaint in September 2006, specifically." Again, for 16 months worth of telephone statements for only one of two telephone numbers, this production would maybe encompass roughly 30-50 pages of documents. Defendants can hardly claim undue burden for such a minimal volume of documents.

Surprisingly, Defendants argue that Plaintiff should instead seek to obtain this information from American Express and AT&T who are disinterested, non-parties to this lawsuit, instead of obtaining the documents from Defendants themselves. This argument is simply absurd, and completely contrary to the spirit of the Federal Rules. It is unnecessary for Plaintiff to burden a disinterested, non-party if Defendants have the requested documents in their possession. See Haworth, Inc. v. Herman Miller, Inc., 998 F.2d 975, 978 (Fed. Cir. 1993) (affirming the district court's requirement that the plaintiff "seek discovery from its party opponent before burdening the nonparty" with discovery requests).

Moreover, Plaintiff is entitled to see the documents as they are kept in the course of business by Defendants, which my provide additional, different information than those records as maintained by American Express and AT&T. For example, Defendants' copies of its own credit card and telephone statements may have notes on them, or are organized with notations about

---

[3] It is important to not that, once again, this is the first time Defendants' provided this information to Plaintiff, and was never raised during the parties' conference.)

which expenses are "business" versus "personal."  Regardless of whether Plaintiff issued subpoenas to American Express and AT&T for the same records, and/or whether these non-parties produced the documents, it does not relieve Defendant - a party to this case - from responding to a discovery request with its own copies of documents.

      Accordingly, this Court should order Defendants to produce the requested credit card statements and telephone statements, to the extent they are still in Defendants' possession, custody or control.

//

//

//

III. CONCLUSION

Plaintiffs respectfully request this Court grant Plaintiff's motion to compel and order Defendants to produce the requested documents that are in their possession, custody or control. To the extent Defendants represent in their Opposition that no documents exist, Plaintiff requests that this Court order Defendants to provide Plaintiff with verified, amended discovery responses stating as such. Finally, Plaintiff respectfully requests her attorneys fees and costs in bringing this motion to compel, as this motion could have been avoided, in whole or in part, if Defendants participated in good faith during the discovery process and the Local Rule 7(m) conference.

Dated: January 14, 2008

Respectfully submitted,

By:_____/s/_____
    Jonathan G. Rose
    Sheppard Mullin Richter & Hampton LLP
    1300 I Street, N.W.
    11th Floor East
    Washington, D.C. 20005
    202-772-5390 (Direct)
    202-312-9410 (Fax)
    jrose@sheppardmullin.com

Counsel for Plaintiff Jennifer Thong

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of January 2008, I caused true copies of the foregoing Plaintiff's Reply Memorandum of Points and Authorities In Support of Her Motion to Compel the Production of Documents to be served by e-mail and first class mail on:

>John Bredehoft, Esq.
>David J. Sullivan, Esq.
>Kaufman & Canoles, P.C.
>150 West Main Street, Suite 2100 Norfolk, Virginia 23510

_____/s/_____
Jonathan G. Rose