UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JENNIFER THONG | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 1:06-01807 (RCL) |
| ANDRE CHREKY SALON, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

### MEMORANDUM OPINION

This matter comes before the Court on plaintiff's Motion [24] to Compel the Production of Documents. Upon consideration of the plaintiff's motion, the defendants' opposition [25] thereto, the plaintiff's reply [26] brief, the applicable law, and the entire record herein, the Court concludes that the plaintiff's Motion to Compel will be GRANTED. The Court's reasoning is set forth below.

### I. BACKGROUND

Plaintiff, Jennifer Thong, comes before this Court seeking to compel discovery from defendants Andre Chreky ("Mr. Chreky"), Andre Chreky Salon (the "Salon"), and SPAC, L.L.C. ("SPAC") (collectively, "Defendants"), on a number of matters. Plaintiff is a former employee of the Salon. In her underlying suit before the Court, plaintiff alleges violations of the Fair Labor Standards Act of 1963 ("FLSA"), the D.C. Wage and Hour Act ("WHA"), the D.C. Wage Payment and Collection Act ("WPCA"), and the D.C. Human Rights Act ("DCHRA"), for unlawful assault, battery and conversion, negligence, and intentional infliction of emotional

distress. Specifically, plaintiff claims that defendants did not compensate her for all hours worked and did not pay her overtime rates for hours worked in excess of forty hours per week. Plaintiff further alleges that Mr. Chreky and the Salon subjected plaintiff to unwanted sexual comments, touches, and physical attacks. In addition, plaintiff alleges that Mr. Chreky and the Salon confiscated and retained money that plaintiff earned in tips.

By order of the Court, discovery in this action is set to close on January 23, 2008. Plaintiff filed her Motion to Compel on January 2, 2008, seeking an order requiring defendants to produce the following documents: (1) all documents evidencing the number of hours worked by employees of the Salon, including, but not limited to, time cards, work schedules, and any reports or notes kept by supervisors or managers regarding the number of hours worked by employees of the Salon; (2) the verified transcript of the deposition of Mr. Chreky in the matter *Commonwealth ex rel. Doudaklian v. Andre Chreky*, in the Fairfax County Circuit Court, State of Virginia; (3) any and all credit card statements for the period 1998 to the present for all credit cards identified by defendants in response to plaintiff's Second Set of Interrogatories, Interrogatory No. 2; and (4) any and all documents relating or referring to defendants' telephone bills and statements for the period 1998 to the present. (*See* Pl.'s Mot. to Compel at 1–2.)

## II. DISCUSSION

A.   **Legal Standard**

Trial courts have considerable discretion when handling discovery matters. *Food Lion Inc. v. United Food and Commercial Workers Int'l Union*, 103 F.3d 1007, 1012 (D.C. Cir. 1997) (citing *Brune v. Internal Revenue Serv.*, 861 F.2d 1284, 1288 (D.C. Cir. 1988)). The scope of discovery in civil actions is broad, allowing for discovery regarding any nonprivileged matter that

is relevant to a claim or defense. *See* FED. R. CIV. P. 26(b)(1). The term relevance at the discovery stage is broadly construed to include information which is not admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *See id*. All discovery is subject, however, to the limitations imposed by Rule 26(b)(2)(C). *See id*. Furthermore, discovery of matters not "reasonably calculated to lead to the discovery of admissible evidence" are not within the scope of discovery. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978) (internal citation omitted).

Rule 34 allows any party to serve on any other party a request to produce for the inspection of the requesting party, any designated documents or electronically stored information stored in any medium from which information may be obtained within the scope of Rule 26(b), that are in the possession, custody, or control of the party upon whom the request was served. *See* FED. R. CIV. P. 34(a)(1)(A). An objection to part of a request must specify the part and permit inspection of the rest. *See* FED. R. CIV. P. 34(b)(2)(C).

Rule 37 of the Federal Rules of Civil Procedure provides that a "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." FED. R. CIV. P. 37(a)(1).

  **B.  Production Request No. 19**

Plaintiff's Production Request No. 19 seeks all documents evidencing the number of hours actually worked by employees of the Salon, including, but not limited to time cards, work schedules, and notes or reports kept by supervisors or managers at the Salon. (*See* Pl.'s Mot. to Compel at 6.) Defendants object to the request on grounds that it is not limited in time and that it is duplicative, since defendants have previously produced all payroll records, which reflect hours

worked for all employees.  (*See* Pl.'s Mot. to Compel Ex. C at 5.)

Plaintiff claims that during the parties Local Rule 7(m) conference, plaintiff agreed to limit Request No. 19 to the period of 1998 to the present, and therefore defendants' first objection is moot.  Defendants contend, however, that the three-year limitations period set by the FLSA renders Request No. 19 *per se* overly broad in scope of time notwithstanding plaintiff's revision.  This Court finds that the request is reasonably calculated to lead to admissible evidence related to matters other than the alleged FLSA violations, including plaintiff's claim that Mr. Chreky reduced plaintiff's work schedule as a form of punishment for resisting his alleged sexual advances.  Accordingly, defendants' objection that Production Request No. 19 is overly broad in scope of time is overruled.

Defendants' second objection to the request fails for similar reasons.  Defendants argue that since they have already provided plaintiff with all payroll records and time cards in their possession, further production is both unwarranted and impossible.[1]  Defendants' objection ignores that given plaintiff's allegation that she was not paid for overtime labor, payroll records may not necessarily reflect hours that plaintiff actually worked.  Clearly, that is why plaintiff's Production Request No. 19 seeks documents other than payroll records and time cards.  This

---

[1] In their opposition brief, defendants assert that they are "unable to produce further records evidencing hours worked . . . because they have already produced all such documents in their possession." (Defs.' Opp'n at 2.)  Plaintiff counters that defendants made no such assertion in their discovery responses or during the parties' Rule 7(m) conference.  According to plaintiff, had such a representation been timely made, plaintiff would have never burdened this Court with a motion to compel production of documents that do not exist. (*See* Pl.'s Reply Br. at 5.)  This Court reminds defendants that Rule 34 sets the time to respond to requests for production at 30 days after being served.  *See* FED. R. CIV. P. 34(b)(2)(A).  Defendants' assertion that it had no additional responsive documents should have been raised within that time frame rather than for the first time in its opposition brief to plaintiff's Motion to Compel.

Court is satisfied that other forms of documentation, such as work schedules, calendars, and notes, are directly relevant to plaintiff's claims. Accordingly, this Court shall grant plaintiff's request to compel as to Production Request No. 19. To the extent that defendants have within their possession, custody or control documents—other than payroll records and time cards previously produced—evidencing hours worked, this Court shall order defendants to provide such documents to plaintiff. If, in fact, defendants have no additional documents responsive to Request No. 19, this Court shall require defendants to provide an amended, verified discovery response stating that fact.

  C.  **Production Request No. 20**

Plaintiff's Production Request No. 20 seeks the verified transcript of the deposition of Mr. Chreky in the matter *Commonwealth ex rel. Doudaklian v. Andre Chreky*, in the Fairfax County Circuit Court. (*See* Pl.'s Mot. to Compel at 7.) Defendants object to Request No. 20 on grounds that it is not likely to lead to the discovery of admissible evidence. (*See* Pl.'s Mot. to Compel Ex. C at 6.) Plaintiff claims that the transcript, coupled with other evidence, will show that Mr. Chreky previously lied under oath about his paternity of a child conceived as a result of an extramarital affair. (*See* Pl.'s Mot. to Compel at 8.) Plaintiff therefore asserts that the transcript is relevant in the instant action to weigh the credibility of Mr. Chreky's testimony in this case. (*See id*. at 9.)

As stated previously, Rule 26(b)(1) is a very broad rule allowing discovery regarding any claim or defense, even allowing discovery of material which would be inadmissible at trial but, at the time of discovery, appears reasonably calculated to lead to admissible evidence. *See* FED. R. CIV. P. 26(b)(1). Moreover, discoverable information includes evidence relevant to the

credibility of a party or a key witness. *See Cobell v. Norton*, 213 F.R.D. 16, 25 (D.D.C. 2003) (Lamberth, J.) (finding that discovery that bears on whether factual misrepresentations were made is directly relevant to witness credibility); *Alexander v. F.B.I.*, 192 F.R.D. 32, 34 (D.D.C. 2000) (holding that discovery bearing on the weight and credibility of a witness's testimony is relevant and reasonably calculated to lead to the discovery of admissible evidence).

Here, whether or not Mr. Chreky provided false testimony in another proceeding is relevant to weigh the credibility of his testimony in this case. Mr. Chreky's testimony in the Fairfax County proceeding is therefore relevant and reasonably calculated to lead to the discovery of admissible evidence. The Court's analysis of Production Request No. 20, however, does not end here. Defendants now claim that Mr. Chreky was never deposed in the Fairfax County matter, and therefore, no deposition transcript exists. At the time defendants submitted their responses to the request, defendants' only objection was that it was not likely to lead to the discovery of admissible evidence. Yet, defendants now raise for the first time in their opposition to plaintiff's Motion to Compel that the document sought does not exist.[2] Defendants admit, however, that Mr. Chreky provided some testimony in the Fairfax County matter.[3] This Court

---

[2] According to plaintiff, at no point in defendants' responses, amended responses, or during the parties' Rule 7(m) conference did defendants reveal that Mr. Chreky was not deposed in the Fairfax County matter, and therefore no deposition transcript exists. As with Production Request No. 19, plaintiff represents that it would not have burdened this Court with a motion to compel if defendants had informed plaintiff that no deposition transcript exists. (*See* Pl.'s Reply Br. at 6.) This Court finds defendants' lack of candor disturbing. Defendants' conduct has led to wasted time and effort by plaintiff and by this Court.

[3] Defendants assert that plaintiff's motion is unnecessary and misleading since the Circuit Court ultimately ruled that Mr. Chreky was not the father of the child in that action. (*See* Defs.' Opp'n at 3–4.) Defendants fail to realize that the ultimate ruling of the *Doudaklian* matter is irrelevant if, in fact, plaintiff's allegations that Mr. Chreky provided false testimony are true.

therefore presumes that the testimony defendants reference was given during a hearing rather than at a deposition. Plaintiff states that if defendants had informed plaintiff of this fact, plaintiff would have revised and re-issued her request to seek a copy of Mr. Chreky's "hearing testimony" instead of a "deposition transcript." (*See* Pl.'s Reply Br. at 6.) In light of these circumstances, this Court shall deem plaintiff's Production Request No. 20 to be a request for a copy of Mr. Chreky's hearing testimony in the Fairfax County case. This Court shall order defendants to produce a copy of the testimony within 10 days or submit an objection thereto.[4]

### D.    Production Request Nos. 22 and 24

Plaintiff's Production Request Nos. 22 and 24 seek all of defendants' credit card and telephone statements for the period 1998 to the present. (*See* Pl.'s Mot. to Compel at 9, 11.) Defendants object to both requests on grounds that they are overly burdensome and not likely to lead to the discovery of admissible evidence. (*See id.*; Pl.'s Mot. to Compel Ex. C at 6.) As to plaintiff's request for credit card statements, defendants further object on the basis that this request is duplicative of prior discovery requests aimed at assessing defendants' financial status because defendants already produced documents evidencing the income and net worth of each defendant. (*See* Pl.'s Mot. to Compel at 9.) Plaintiff claims that the credit card and telephone statements will corroborate witness testimony that Mr. Chreky was involved in personal intimate relationships with a number of his female employees and frequently entertained them at hotels and restaurants close to the Salon and during out of town travel. (*See id.* at 9–10.) Plaintiff further claims that the credit card statements will demonstrate defendants' lack of corporate

---

[4] This Court has already found that Mr. Chreky's testimony in the prior proceeding is relevant to evaluating his credibility in the instant matter. Defendants are, however, permitted to object to production of the testimony on other grounds.

formality and the credibility of defendants' financial reporting.  Finally, plaintiff claims that defendants' telephone statements are relevant to show that Mr. Chreky has contacted or attempted to contact a number of plaintiff's witnesses since she filed her complaint, to intimidate, threaten or otherwise persuade these witnesses.[5]  (*See id*. at 12.)

First, having examined Request Nos. 22 and 24 in light of plaintiff's claims in the underlying action and in light of witness testimony, this Court finds that the documents sought in these requests is relevant and reasonably calculated to lead to the discovery of admissible evidence.  As to plaintiff's request for defendants' credit card statements, defendants' objection that the request is duplicative is overruled since plaintiff seeks the statements for reasons other than to determine defendants' net worth.  Further, defendants' objection to both the requests on the basis that they are overly burdensome, without more factual support, is not enough to uphold such a claim.  This Court only entertains an unduly burdensome objection when the responding party demonstrates how the document request is "overly broad, burdensome, or oppressive, by submitting affidavits or offering evidence which reveals the nature of the burden." *See U.S. ex rel. Fisher v. Network Software Assocs.*, 217 F.R.D. 240, 246 (D.D.C. 2003) (citing *Athridge v. Aetna Casualty & Surety Co.*, 184 F.R.D. 181, 191 (D.D.C. 1998)).  The responding party cannot "'merely state' in a conclusory fashion" that the requests are burdensome.  *Id*. (quoting *Athridge*, 184 F.R.D. at 191).  Upon review of defendants' responses to plaintiff's production requests and defendants' opposition brief, this Court finds no affidavits or offerings of evidence that explain

---

[5] Defendants challenge plaintiff's allegation that Mr. Chreky has attempted to obstruct plaintiff's prosecution through intimidation of plaintiff's witnesses.  (*See* Defs.' Opp'n at 9.)  Defendants argue that the allegation is based entirely on hearsay and lacks any otherwise proper support.  (*Id*.)  This Court need not address the merits of plaintiff's allegation here as no motion for a protective order or any other remedy, for that matter, has been filed.

how plaintiff's requests are overly broad. Defendants maintain that since the plaintiff in a related case, *Barrett v. Andre Chreky Salon, et al.*, Civil Action No. 07-250, has issued subpoena to defendants' credit card and telephone companies requiring production of the statements, plaintiff may access these records from plaintiff's counsel in that matter, as opposed to defendants.[6] (*See* Defs.' Opp'n at 6.) Defendants further assert that they do not generally retain credit card or telephone statements, and are not in possession of any credit card or telephone statement pre-dating the filing of plaintiff's complaint in September 2006. (*See* Defs.' Opp'n at 5, 7.) Defendants are correct that discovery of a document may be limited where discovery is obtainable from some other source that is less burdensome. *See* FED. R. CIV. P. 26(b)(2). However, these limits do not relieve defendants from producing documents that are currently within defendants' possession, custody or control (i.e., the 16 months worth of statements that defendants have retained sin
ce plaintiff filed her complaint). As such, this Court shall order defendants to produce any and all credit card statements and telephone statements currently within defendants' possession, custody or control.

    E.    **Attorney's Fees and Costs**

In her reply brief, plaintiff requests that this Court order defendants to compensate plaintiff for her attorney's fees and costs in bringing the motion to compel. (*See* Pl.'s Reply Br. at 11.) According to plaintiff, this motion could have been avoided if defendants participated in good faith during the discovery process and Local Rule 7(m) conference. (*Id.*) This Court will

---

[6] Defendants maintain that they have not objected to the third-party subpoena issued to American Express or AT&T seeking defendants' statements. (*See* Defs.' Opp'n at 7, 10.)

refrain from ruling on plaintiff's request since attorney's fees are improperly raised for the first time in a reply brief, thereby precluding any opportunity to respond.

### III. CONCLUSION

For the foregoing reasons, plaintiff's Motion to Compel the production of documents responsive to plaintiff's Production Request Nos. 19, 20, 22, and 24 shall be GRANTED.

A separate Order shall issue this date.


SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, on January 18, 2008.