UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JENNIFER THONG, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ANDRE CHREKY, )<br>ANDRE CHREKY SALON/ANDRE CHREKY INC., )<br>SPAC, LLC )<br>)<br>Defendants. )<br>) | C.A. No. 1:06-1807 (RCL) |

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

Plaintiff Jennifer Thong ("Plaintiff" or "Ms. Thong"), through undersigned counsel, respectfully submits this Reply to Defendants' Opposition ("Opposition") to Plaintiff's Motion for Leave to File a Second Amended Complaint ("Motion").

Tellingly, Defendants have not alleged, nor could they, that Defendants would be prejudiced by the proposed amendment. Nor have they countered Ms. Thong's argument that she would be prejudiced if the Court denied her Motion. Rather, Defendants oppose Ms. Thong's Motion arguing that the amendments do not add new claims or support existing claims, are futile, are made in bad faith, and/or are not supported by good cause. These arguments can be easily dispensed with.

Ms. Thong's Motion is not made in bad faith, and serves a proper litigation purpose of providing additional factual allegations that support her allegations that Defendants violated the FLSA, the DC Wage and Hour Act, the DC Wage Payment and Collection Act, and the DC

Human Rights Act and showed flagrant disregard for the law. Ms. Thong seeks only to add factual allegations regarding the corporate culture at the Andre Chreky Salon and Spa ("the Salon"), in which Defendants acted in reckless disregard of federal and local laws to the detriment of salon employees including Ms. Thong, and Ms. Thong's factual assertions are <u>amply</u> supported by the evidence obtained in the course of discovery. In the same way that Defendants violated Ms. Thong's civil rights, assaulted and threatened her, stole tips from her, and willfully denied her compensation that she was lawfully entitled to under the federal and DC wage and hour laws, so too have the Defendants disregarded a myriad of laws, statutes, regulations and ordinances governing the operation of their business. The additional factual allegations, therefore, serve to support Ms. Thong's legal claims that Defendants acted in reckless disregard of their responsibilities and her legal rights.

  Ms. Thong's proposed amendment is not futile. It does not seek to add new legal claims that would not survive a 12(b)(6) motion. Instead, Ms. Thong's proposed amendment seeks to add factual allegations which provide additional factual support for Ms. Thong's s original causes of action.

  Finally, good cause exists to permit Ms. Thong's amendment and to modify the Scheduling Order accordingly. The information contained in her proposed amendment could not have been reasonably foreseen or anticipated at the time of the initial Scheduling Order, and Ms. Thong did not have knowledge of these factual allegations at the time she filed her Complaint or First Amended Complaint. Ms. Thong acted diligently in seeking leave to amend her Complaint, once the information became known to her and her counsel.

I.   **PLAINTIFF'S AMENDMENTS WILL NOT PREJUDICE DEFENDANTS**

Prejudice to the defendant is the crucial consideration when a court addresses a motion for leave to amend a pleading. Stevens v. Stover, 702 F. Supp. 302, 305 (D.D.C. 1988). To show prejudice sufficient to justify a denial of leave to amend, the opposing party must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been asserted earlier. In re Vitamins Antitrust Litigation, 217 F.R.D. 30, 32 (D.D.C. 2003) (granting motion for leave to amend where defendants failed to establish prejudice despite plaintiffs' delay in amending complaint). The opposing party must show unfairness in procedure or timing preventing them from properly responding. Id. See also Djourabchi v. Self, 240 F.R.D. 5, 13 (D.D.C. 2006) (granting motion for leave to add new claim and finding that opposing party failed to show that amendment was prejudicial because it substantially changed the theory of case or imposed added expense and burden).

With their Opposition, Defendants have, in effect, conceded that there is no prejudice in adding these factual allegations. They make no mention of unfairness in the opportunity to present facts or evidence. They make no argument, nor could they, that the addition of these allegations would require more discovery, or alternatively, unnecessary delay in the trial.

Rather, Defendants claim that the factual allegations are "precisely the type of character attacks that are plainly inadmissible at trial, such as allegations of unrelated 'bad acts.'" (Opposition at p. 5.) This is simply not the type of prejudice contemplated by the court in ruling on a motion to amend. Such a determination on evidence of "prior bad acts" is not made on the face of the complaint, or any amendments to it, but is rather an evidentiary issue regarding the probative value of evidence a party seeks to introduce at trial.

Furthermore, these factual allegations would not be inadmissible, as Defendants assert. Plaintiff does not submit such factual allegations as evidence of "prior bad acts" in order to prove action in conformity therewith. Instead, Ms. Thong seeks to add factual allegations corroborated by evidence which is relevant to show Defendants' modus operandi, plan, absence of mistake or accident. The allegations are also relevant to show Defendants' harmful business practices, willful disregard for laws and regulations, and other such behavior which led to Ms. Thong's injuries.[1]

Finally, the Court should weigh the fact that the Defendants would not be prejudiced by amending the Complaint against the prejudice that the Ms. Thong will suffer should she not be allowed to amend her Complaint. The factual allegations at issue all support and enhance Ms. Thong's allegations that she worked in an environment in which disregard of the law was the norm. Such facts are essential to Ms. Thong's claims as they speak to the atmosphere of flagrant disregard for the law which pervaded the Andre Chreky Salon and allowed for the substantial injuries that Ms. Thong has suffered.

### III.    PLAINTIFFS AMENDMENTS ARE NOT MADE IN BAD FAITH

In their Opposition, Defendants suggest that Plaintiff's amendments are not made in good faith, but that "motives unrelated to litigation are at work." (Opposition at p. 4, fn. 2.) Specifically, Defendants claim that Plaintiff's allegations are an "extensive and unnecessary recitation calculated solely to embarrass Defendants" and the allegations "threaten to provide a tool with which to taint the jury pool by adding prejudicial allegations with absolutely no probative value." (Opposition at pp. 3-4.) This is simply not the case.

---

[1] Rule 404(b) of the Federal Rules of Evidence states: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . ." Fed. R. Evid. 404(b).

As explained to Defendant's counsel during the meet and confer process, Ms. Thong does not seek to amend her Complaint to add facts to the record that would be embarrassing to Defendants or for any other improper purpose. (Opposition, Ex. A.) On the contrary, the factual allegations Plaintiff seeks to add in her Second Amended Complaint further explain, expand and amplify the allegations currently contained in her Complaint and serve to show Defendants' modus operandi, plan, absence of mistake or accident. The allegations are also relevant to show Defendants' harmful business practices, willful disregard for laws and regulations, and other such behavior which led to Ms. Thong's injuries.

Specifically, Plaintiff provides additional information about how Mr. Chreky and his agents have engaged in obstruction of justice by threatening and intimidating third-party witnesses in this lawsuit. Mr. Chreky's threatening and intimidating behavior since the commencement of this lawsuit is akin to the same types of threats and attacks he launched upon Ms. Thong throughout the duration of her employment when she failed to comply with his sexual advances.

Furthermore, Plaintiff provides additional information about Defendants' additional willful violation of I.R.S. regulations regarding the reporting of tips. Mr. Chreky and ACI officers instructed Salon employees to underreport the tips they received from clients in an effort to lower the amount of FICA/Social Security taxes the Salon would be required to pay to the I.R.S. and to maximize profits. In addition, Plaintiff provides additional information about Mr. Chreky's employment of unlicensed salon professionals whom he unlawfully authorized to render services at the Andre Chreky Salon and Spa or on behalf of Salon customers. Defendants knowingly employed unlicensed employees in the Salon, and allowed these employees to charge clients top dollar for their services, even though they did not have the requisite training to

perform such services in the District of Columbia. These additional allegations provide important factual support to Ms. Thong's allegations that Defendants willfully violated the FLSA. In the same way Defendants flagrantly disregard I.R.S. regulations and D.C. licensing requirements, Defendants recklessly disregard both federal and DC wage and hour laws, all in an effort to minimize their payroll tax obligations and increase their profits.

Collectively, these additional factual allegations support a central theme of Plaintiff's Complaint, that Defendants' unlawful activity as to her was simply part of a much larger corporate culture in which the owners and operators of the Salon believe that the law does not apply to them. As thoroughly demonstrated in Plaintiff's Motion, Ms. Thong's allegations are supported by ample, and in many cases <u>overwhelming</u> evidence obtained in the course of discovery thus far and, therefore, are not made in bad faith.

## II. PLAINTIFFS AMENDMENTS ARE NOT FUTILE

Defendants assert that Ms. Thong's Motion should be denied because Ms. Thong's amendments are futile. To support this assertion, Defendants rely upon <u>Radcliffe v. Unites States</u>, 519 F. Supp 2d 84 (D.D.C. 2007) and <u>Willoughby v. Potomac Elec. Power Co.</u>, 100 F.3d 999 (D.D.C. 1996). Both of these cases, however, are distinguishable from the situation at hand. In <u>Radcliffe</u>, the plaintiff simply sought to amend the complaint by paring down the number of claims in the face of the defendant's motion to dismiss. 519 F. Supp. 2d at 86. The court held that, without factual allegations to support each of the claims, the claims could not survive the motion to dismiss, which rendered the motion to amend futile. <u>Id.</u> Similarly, in <u>Willoughby</u>, the Plaintiff moved to amend the complaint in the face of a motion to dismiss in order to add new claims of discrimination which were not supported by factual allegations. 100 F.3d 1003. As such, the court denied the plaintiff's motion to amend the complaint as futile and granted the

defendant's motion to dismiss. Id. In both cases the proposed amendment added or altered the legal claims under which the plaintiff sought relief in order to avoid an adverse ruling on a motion to dismiss. In this case, however, Ms. Thong does not seek to add new legal claims, and therefore the cases are inapplicable.

The standard to determine futility is if the amended complaint "merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss." Simpson v. Socialist People's Libyan Arab Jamahiriya, 2008 WL 90238, at *3 (D.D.C. 2008) (citing Robinson v. Detroit News, Inc., 211 F. Supp. 2d 101, 114 (D.D.C. 2002). The court may deny a motion to amend a complaint as futile "when the proposed complaint would not survive a motion to dismiss." Dehaemers v. Wynne, 2007 WL 4208780, at *2 (D.D.C. 2007) (citing James Madison Ltd. v. Ludwig, 82 F.3d 1085, 1099 (D.C.Cir.1996)); see also Monroe v. Williams, 705 F. Supp. 621, 623 (D.D.C. 1988) ("It has been repeatedly held that an amended complaint is 'futile' if the complaint as amended would not survive a motion to dismiss."); Yankelevitz v. Cornell University, 1996 WL 447749, at *4 (S.D.N.Y. 1996) (holding that since "plaintiff only seeks to add to his complaint factual allegations which support his existing claims against defendants, absent an attack by defendants on the validity of these claims, by a motion to dismiss for failure to state a claim or otherwise, plaintiff's motion to amend cannot be denied on the basis of futility.").

Ms. Thong's Second Amended Complaint states valid claims and requests for relief, supported by sufficient factual allegations that would be supplemented by the proposed amendment. The amendment supplements the facts that were available to Ms. Thong at the time of the filing of the initial complaint, with new, relevant facts that were discovered during the

course of discovery and not available to Ms. Thong at the time of her original filing. Ms. Thong does not seek to make any amendments that would render the complaint unlikely to survive a motion to dismiss. Thus, the proposed amendment is not futile.

### III.   PLAINTIFFS AMENDMENTS ARE SUPPORTED BY GOOD CAUSE

Defendants argue that Plaintiff's Motion should be denied because the deadline in the Courts' Scheduling Order for amending the pleadings has passed and, therefore, "the more rigorous 'good cause' Rule 16 standard should apply." (Opposition, at pp. 4-5.) Even if the more rigorous Rule 16 "good cause" standard is applied to this Motion, Plaintiff's proposed amendment meets this standard, and good cause exists for the Court to modify the Scheduling Order appropriately. The factual allegations Plaintiff seeks to add in her Second Amended Complaint further explain, expand and amplify the allegations currently contained in her Complaint, only recently came to light during the course of discovery, and were not known at the time of the initial Scheduling Order in 2006, or prior to the original deadline for amending the pleadings in February 2007. Therefore, Ms. Thong has acted diligently in seeking leave to amend upon learning of these essential facts to support her allegations. Moreover, as inconvenient as the facts pled in the Second Amended Complaint may be for Defendants, Defendants will not be prejudiced by the amendments because discovery is still open, neither party has conducted any party depositions, or 30(b)(6) depositions, and the amendment will not require extensive additional discovery or unnecessarily delay the trial.

Rule 16 of the Federal Rules of Civil Procedure makes plain that a scheduling order entered by a district judge "may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4); see also Local Rule 16.4 ("The court may modify the scheduling order at any time upon a showing of good cause."). Rule 16(b)'s "good cause" standard primarily

considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 Advisory Committee Notes to the 1983 Amendment. See also 3 Moore's Federal Practice § 16.14[b] (2007) ("[I]t seems clear that the factor on which courts are most likely to focus when making this determination is the relative diligence of the lawyer or lawyers who seek the change."). The more liberal "good cause" standard as opposed to the "manifest injustice" or "substantial hardship" test indicates that there is more flexibility in allowing relief. As noted in the Advisory Committee Notes to the 1983 Amendment, the more liberal standard was adopted in recognition that the Scheduling Order is entered very early in the litigation, and there may certainly be a need for modification. Id. In short, "good cause" is likely to be found "when the moving party has been generally diligent, the need for more time was neither foreseeable nor its fault, and refusing to grant the continuance would create a substantial risk of unfairness to that party." Id.

    Here, Ms. Thong, through counsel, has acted diligently in seeking leave to file her Second Amended Complaint. As set forth in Plaintiff's Motion, the vast majority of the information supporting her amendments came to light at the depositions of current and former employees of the Salon during the late Fall and Winter of 2007. See, e.g., Deposition of Nora Dunleavy Critzos, November 14, 2007, Exhibit 4 to Plaintiff's Motion; Deposition of Cynthia Torrico, November 14, 2007, Exhibit 5 to Plaintiff's Motion; Deposition of Maria Guzman, December 18, 2007, Exhibit 15 to Plaintiff's Motion. Only after the completion of these depositions did Ms. Thong learn of the Mr. Chreky's employment of unlicensed salon professionals whom he unlawfully authorized to render services at the Andre Chreky Salon and

Spa or on behalf of Salon customers, and the extent of his willful violation of I.R.S. regulations regarding the reporting of tips.

Moreover, it was only after the depositions of Defendants' declarants on October 1, 2, 3, 2007 that Ms. Thong's counsel personally observed the extent to which Defendants' declarants clearly lacked the requisite language skills or legal sophistication to appreciate the legal peril in which they were being placed in executing declarations for their employer. See, e.g., Deposition of Mila Petrosyan, October 1, 2007, Exhibit 6 to Motion; Deposition of Xiomara Maradiaga, October 2, 2007, Exhibit 7 to Motion. Deposition of Elena Vantovskaya, Exhibit 12 to Motion. In addition, Ms. Thong's counsel elicited testimony from Defendants' declarants indicating how Defendants exerted pressure as employers to compel the "witnesses" to meet with Defendants' counsel and to provide a declaration on behalf of Mr. Chreky as part of their job.

Ms. Thong was not aware of this information at the time she filed her original complaint or her First Amended Complaint, or at the time the initial Scheduling Order was entered in this case on November 30, 3006 – at the very inception of this litigation. Ms. Thong could not have reasonably foreseen or anticipated at the time the Scheduling Order was entered that Defendants' unlawful activity as to her was simply part of a much larger corporate culture in which the owners and operators of the Salon believe that the law does not apply to them. Upon learning of these new facts during discovery, of which she was not previously aware, Ms. Thong promptly sought leave to amend her Complaint.

As set forth above and in Ms. Thong's Motion, Defendants will not be prejudiced by Ms. Thong's proposed amendment, and is not sufficient to deny Ms. Thong's Motion here. Ms. Thong seeks to amend her Complaint well in advance of the closing date for discovery in this lawsuit, which is currently set for April 4, 2008. Defendants have not yet deposed either Ms.

Thong or Ms. Barrett, and therefore, Defendants will still have the opportunity to depose Ms. Thong regarding the factual allegations contained in her proposed amendment. Defendants have ample opportunity to investigate these new factual allegations as they see fit and take whatever discovery, if any, related to these new factual allegations, as they see fit.

### IV.  CONCLUSION

For all the foregoing reasons, Defendants' Opposition should be denied and Plaintiff's Motion for Leave to File an Amended Complaint for Declaratory and Monetary Relief and Jury Demand should be granted and the Clerk directed to file the Second Amended Complaint. Plaintiff respectfully requests that the Court modify the Scheduling Order accordingly.

Respectfully submitted,

_____/s/_____
Jonathan G. Rose (DC Bar No. 446208)
Emily N. Seymour (DC Bar No. 500201)
Sheppard Mullin Richter & Hampton, LLP
1300 I Street, NW, Ste. 1100 East
Washington, D.C. 20005
Telephone: (202) 218-0000
Facsimile: (202) 218-0020
jrose@sheppardmullin.com
eseymour@sheppardmullin.com

*Attorneys for Plaintiff Jennifer Thong*

Dated: March 3, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of March, 2008, I caused true copies of the foregoing Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint to be served via ECF and U.S. Mail on:

>John Bredehoft, Esq.
>David J. Sullivan, Esq.
>Kaufman & Canoles, P.C.
>150 West Main Street, Suite 2100
>Norfolk, Virginia 23510

_____/s/_____
Jonathan Rose