IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JENNIFER THONG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 1:06-1807 |
| ) | |
| ANDRE CHREKY SALON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MOTION TO QUASH SUBPOENA**

Defendants Andre Chreky Salon, Andre Chreky, Inc., and SPAC, LLC move to quash the attached third party subpoena served by Jennifer Thong ("Ms. Thong") on the Adams National Bank ("the Bank"). The Court has already quashed a similar subpoena on the Bank issued in a companion case.

Discovery upon third parties in this matter has been consolidated with the Barrett case (see Order, attached as Exhibit A). In the companion case, this Court has already considered the propriety of a subpoena much like this one (albeit more limited). The Plaintiff in that case served a substantially less broad subpoena on the Bank *over one year ago* that was *quashed* by this Court (see Order, attached as Exhibit B). In granting Defendants' Motion to Quash the subpoena on this very same Bank, this Court specifically instructed the parties that "The burden on the privacy interest of the Defendants outweighs any possible benefit of the subpoena." Id. Given these circumstances, Ms. Thong's subpoena – which requests the universe of materials regarding Defendants in the Bank's possession and is broader than the quashed subpoena issued by Ms. Barrett – is unnecessary and duplicative discovery that disregards an Order of this Court.

Defendants move to quash all requests made by Ms. Thong in this subpoena on the basis that they are overly broad and seek information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Thong does not limit any of her requests in time or substantive scope. Rather, she requests "any and all" documents, working files, handwritten notes, and communications, without limitation, in the possession of the Bank. Effectively, she asks for evidence of *any* interaction the Bank has *ever* had with Andre or Serena Chreky, Andre Chreky, Inc., or SPAC, LLC (see, particularly, request 6: "Any and all communications between you and the Salon, SPAC, Andre Chreky or Serena Chreky.").

Although Ms. Thong's claims in this case are varied, each is necessarily limited in time scope by the relevant statute of limitations. Yet this subpoena places no time restrictions on any of its requests. Further, Ms. Thong's claims do not relate in any way to the defendants banking activities or management of money, generally. Defendants therefore cannot see how information on every interaction they have ever had with their Bank – voluminous interactions - is relevant or will lead to relevant evidence in this case.

Filing a multi-claim lawsuit against Defendants does not give Ms. Thong the right to know, without restriction, the entirety of Mr. Chreky's and Chreky Salon's banking habits, as this request intimates. This type of comprehensive invasion into the defendants' finances is hardly "reasonably calculated" to lead to the admission of relevant evidence. Should Ms. Thong desire an understanding of Defendants' financial status for preparation of her damages arguments in this matter, Defendants point out that Ms. Thong already is in possession of years worth of tax returns for all Defendants.

To the extent Ms. Thong needs financial information regarding Defendants' net worth in preparation for trial of this matter, Defendants note that the Plaintiff in the companion case to

this, Ronnie Barrett, has made a formal request for a statement of Defendants' net worth. Defendants' accountant is preparing this document, and Defendants will share it with Ms. Thong upon receipt of it.

For these reasons, Chreky Salon respectfully requests that the Court quash the attached subpoena.

                                        Respectfully submitted,

                                        _____/s/_____
John M. Bredehoft
D.C. Bar No. 375606
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, Virginia 23510
757-624-3225 (direct voice line)
757-624-3169 (facsimile)
jmbredehoft@kaufcan.com

Counsel for Defendants

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| RONNIE BARRETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:07-250 (RCL) |
| ) | |
| ANDRE CHREKY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### ORDER

This matter comes before the Court upon plaintiffs' Jennifer Thong's and Ronnie Barrett's joint motion in 06-1807 to consolidate discovery in Civil Action Nos. 06-1807 (RCL) and 07-250 (RCL). Now, the Court having duly considered the plaintiffs' motion, and the defendants' consent thereto, it is hereby

ORDERED that the plaintiffs' joint motion to consolidate discovery is GRANTED.

SO ORDERED.

Signed my Royce C. Lamberth, United States District Judge, on September 25, 2007.


EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RONNIE BARRETT,                )
                               )
        Plaintiff,             )
                               )
    v.                         )   Civil Action No. 1:07CV00250 (RCL/AK)
                               )
ANDRE CHREKY, *et al.*,        )
                               )
        Defendants.            )
                               )

## MEMORANDUM ORDER

Pending before this Court are Defendant Andre Chreky Salon's amended motion to quash the subpoena to third party ADP, Inc.[1] ("ADP Motion") [13], and Plaintiff's opposition thereto ("ADP Opposition") [15], as well as Defendant Andre Chreky Salon's motion to quash the subpoena to third party The Adams National Bank ("Bank Motion") [14], and the Plaintiff's opposition thereto ("Bank Opposition") [16]. Defendant did not file replies to either the ADP Opposition or the Bank Opposition. Defendant requests that this Court quash the subpoenas *duces tecum* issued by Plaintiff to ADP, Inc. ("ADP") and The Adams National Bank ("Bank"). Upon consideration of the record and memoranda submitted by the parties, for the reasons set forth below, the ADP Motion is **DENIED** and the Bank Motion is **GRANTED**.

### I. BACKGROUND

Plaintiff Ronnie Barrett filed a complaint on February 1, 2007 alleging, *inter alia*, that

---

[1] Defendant did not withdraw the original Motion to Quash Subpoena [11], however the Court finds the filing of the Amended Motion renders this Motion moot.

EXHIBIT B

defendants Andre Chreky and Andre Chreky Salon/Andre Chreky Inc. (collectively "Defendants") violated the District of Columbia Human Rights Act ("DCHRA"), the Fair Labor Standards Act ("FLSA"), and the District of Columbia Wage and Hour Act ("DCWHA").[2] Specifically, Plaintiff, a former employee of Andre Chreky Inc., alleges that Mr. Chreky sexually harassed her and then retaliated against her after she resisted his advances. (Compl. ¶ 1.) Plaintiff also alleges that Defendants willfully failed to pay her overtime wages when she worked over 40 hours in a week. (*Id.* ¶ 2.) Plaintiff seeks declaratory relief, compensatory damages and punitive damages. (*Id.* at 26-27).

In the course of discovery Plaintiff served a subpoena on ADP[3] ("ADP Subpoena") requesting earning statements, payroll data and other documents relating to Plaintiff's employment by Defendants. (*See* ADP Subpoena, Attach. A.) The ADP Subpoena also seeks earning statements and payroll data relating to Defendants' employment of other individuals, and payments made "to any individual." (*See id.*) Plaintiff also served a subpoena on The Adams National Bank ("Bank Subpoena") requesting all documents regarding the transfer of funds between accounts held in the name of any of the Defendants, as well as all bank statements of accounts held in the name of any of the Defendants. (*See* Bank Subpoena, Attach. A.) In response to these subpoenas, Defendants filed the instant motions to quash.

## II. Legal Standard

Pursuant to Rule 26(b)(1), Fed. R. Civ. P., "[p]arties may obtain discovery regarding any

---

[2] SPAC, Inc. is also a defendant in this case, but is only accused of negligence and not of violating the DCRHA, FLSA or DCWHA.

[3] ADP, Inc. is a payroll processing company.

2

matter, not privileged, that is relevant to the claim or defense of any party . . . ."[4] A discovery request is permissible if the information sought is "reasonably calculated to lead to the discovery of admissible evidence." *Id.* Additionally, Rule 26(b)(2)(c) provides in pertinent part that a district court may limit discovery if it determines that the discovery sought is obtainable from some other source that is more convenient, less burdensome, or less expensive; or the burden or expense of the proposed discovery outweighs its likely benefit. If there is an objection based on undue burden, the objecting party must make a specific, detailed showing of how the discovery request is burdensome. *See Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996).

Rule 45, Fed. R. Civ. P., permits a party to issue a subpoena "command[ing] each person to whom it is directed to attend and give testimony or to produce and permit inspection and copying of designated books, documents, or tangible things in the possession, custody or control of tha person[.]" Fed. R. Civ. P. 45(a)(1)(c). Pursuant to Rule 45(c)(1), "[a] party or an attorney responsible for the issuance and service of the subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena." A court may quash or modify a subpoena if, *inter alia*, it "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A).[5]

### III. Analysis

#### A. Motion to Quash Subpoena of ADP

---

[4] "Federal Rule 26 sets forth the standard by which a court determines the relevance of the information sought by a subpoena issued under Rule 45." *Griffith v. U.S.*, 2007 WL 1222586, *2 (S.D.N.Y. 2007).

[5] Because they constitute an integrated mechanism, Rule 45 must be read *in pari materia* with the rest of the discovery rules. Wright & Miller § 2452.

3

The Court will first address Plaintiff's contention that Defendants lack standing to bring the ADP Motion. (ADP Opp'n at 2.) A motion to quash should generally be made by the person from whom the documents or things are requested. 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE ("Wright & Miller") § 2459 (2d ed. 1995). A party generally lacks standing to challenge a subpoena issued to a third party absent a claim of privilege, proprietary interest, or personal interest in the subject matter. *See Washington v. Thurgood Marshall Academy*, 230 F.R.D. 18, 21 (D.D.C. 2005).

In this case, Defendants have made no showing in the ADP Motion of "privilege, proprietary interest, or personal interest in the subject matter." *Id.* Without such a showing, a party's opposition to a subpoena is more appropriately brought through a motion for a Rule 26(c) protective order. *See Thurgood Marshall Academy*, 230 F.R.D. at 22. The Court will thus treat the Defendant's Motion to Quash as a motion for a protective order, and will evaluate the motion according to the standard in Rule 26.[6] *See id.* (treating motion to quash as a motion for a Rule 26(c) protective order where the party had not established standing).

Defendants hold the position that the ADP Subpoena is overly broad, unduly burdensome and seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendants argue that the Subpoena is overly broad and unduly burdensome because two of the four requests do not contain time limits, and the other two requests go beyond the time scope permitted by the FLSA claims period. (ADP Mot. at 1-2.)

---

[6]Under the standard of Rule 26, the court employs a balancing test in order to determine whether to grant a motion for protective order, weighing the burdensomeness to the moving party against the relevance of the information sought and the requestor's need for it. *See Jennings v. Family Mgmt.*, 201 F.R.D. 272, 275 (D.D.C. 2001) (citing *Lohrenz v. Donnelly*, 187 F.R.D. 1, 3 (D.D.C. 1999). A trial court possesses broad discretion in issuing a protective order and determining what degree of protection is required. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

4

According to Defendants, the Subpoena potentially requires them to respond with documents dating back approximately ten years, to when Plaintiff first began working for Defendant Chreky. (*Id.* at 1.) Plaintiff responds that the requests are not overly broad because the actual time period at issue is limited to two time periods of 6 months and 19 months.[7] (ADP Opp'n at 6.)

Defendant offers no further explanation in the ADP Motion for its blanket assertion that the ADP Subpoena requests are not relevant and not reasonably calculated to lead to the discovery of admissible evidence. Nevertheless, Plaintiff responds that the requests are relevant to her FLSA and DCWHA claims because they may provide evidence of time periods when she was not paid overtime and the amounts of overtime that she was not paid. (ADP Opp'n at 3.) Plaintiff also argues that the requests may provide possible evidence related to her DCHRA claim of unlawful retaliation, regardless of whether the evidence is actionable under the FLSA. (*Id.* at 3, 5.) Defendants filed no reply to the ADP Opposition.

As stated above, Defendants claim that the requests are unduly burdensome. However, they fail to make any specific showing of *how* the requests are burdensome. The burden of proving that a subpoena is oppressive or unreasonable rests upon the party moving to quash or modify. *Northrop Corp. v. McDonnell Douglas Corp.*, 751 F.2d 395, 403 (D.C. Cir. 1984). The moving party "cannot rely on a mere assertion that compliance would be burdensome." Wright & Miller § 2459. Additionally, the information requested in the ADP Subpoena is discoverable because it may provide details of time periods where Plaintiff was not paid overtime, as well as the amounts of overtime she was not paid. Although some of this information may fall outside of

---

[7]Specifically, those time periods refer to those documents dating from September 1, 2003 to February 1, 2004, and from December 6, 2005 through the present.

the actionable time period of the FLSA, it could provide history of a pattern of discriminatory or retaliatory behavior by Defendants for Plaintiff's DCHRA claim.

For these reasons, the Court denies Defendants' ADP Motion. As a result, ADP must produce the requested payroll records from the time period of September 1, 2003 to February 1, 2004, in addition to the time period that Defendants have already agreed is permissible.

### B. Motion to Quash Subpoena of The Adams National Bank

In their Bank Motion, Defendants assert that both requests made by Plaintiff in the Bank Subpoena are overly broad and seek information that is not relevant and not reasonably calculated to lead to the discovery of admissible evidence. First, the Defendants contend that the information is not relevant because none of Plaintiff's claims relate to fund transfers between Defendants' accounts. (Bank Mot. at 1.) Plaintiff responds that the evidence is relevant because it will provide evidence of Defendants' net worth, which is "highly important to the jury's calculation of punitive damages." (Bank Opp'n at 3.) According to Plaintiff, punitive damages are at issue in this case because eight out of nine of Plaintiff's claims are eligible for punitive damages. (*Id.* at 3.)

Second, Defendants claim that the requests are overly broad and burdensome. Plaintiff responds that Defendants do not explain *why* the requests pose an undue burden on Defendant. (Bank Opp'n at 5.) Additionally, Plaintiff claims that the requests are not overly broad because they are limited to the time period of September 1, 2003, to the present, and specifically target documents that will show the financial condition of Defendants. (*Id.* at 4.) Defendants filed no reply to the Bank Opposition.

The Court agrees with Plaintiff's assertion that a defendant's net worth can be important

for the calculation of punitive damages.[8]  However, a document request for a sworn net worth statement from Defendants would be a more appropriate and less intrusive way to obtain this information than by going directly to the Bank.  The burden on the privacy interest of the Defendants outweighs any possible benefit of the subpoena.

For these reasons, the Court grants Defendants' Bank Motion.  As a result, The Adams National Bank does not need to produce any of the documents requested.

## IV. CONCLUSION

For the foregoing reasons, it is on this __11th__ day of June, 2007 hereby

**ORDERED** that Defendant Andre Chreky Salon's Amended Motion to Quash Subpoena [13] is **DENIED**; and it is

**FURTHER ORDERED** that Defendant Andre Chreky Salon's Motion to Quash Subpoena [14] is **GRANTED.**

**SO ORDERED.**

/s/
ALAN KAY
UNITED STATES MAGISTRATE JUDGE

---

[8] The goals of punitive damages are punishment and deterrence of a defendant's behavior, and not compensation for a plaintiff, and discovery of a defendant's net worth is relevant to determining the amount of punitive damages necessary to properly achieve these goals. *See Faison v. Nationwide Mortgage Corp.*, 839 F.2d 680, 691 (D.C. Cir. 1987).