IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JENNIFER THONG, <br><br>           Plaintiff, <br><br> v. <br><br> ANDRE CHREKY SALON, *et al.*, <br><br>           Defendants. | C.A. No. 1:06-01807 (RCL) |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO MODIFY THE COURT'S SCHEDULING ORDER
AND
MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION FOR A UNILATERAL EXTENSION OF DISCOVERY AND
MOTION TO COMPEL THE IMMEDIATE PRODUCTION OF DOCUMENTS**

Plaintiff Jennifer Thong has asked this Court to order a unilateral extension of her discovery period by one month, as well as the immediate production of various documents. Defendants have already consented to the extension Plaintiff asks for, provided only that the extension applies to all parties. It is Ms. Thong's vehement rejection of an evenhanded extension of time, and nothing else, which has prompted this unnecessary motions practice. As detailed below, Defendants have not committed any of the discovery violations alleged by Plaintiff, and there is no logical reason to force Defendants to complete all the depositions – for example, the deposition of the Plaintiff – and then allow the Plaintiff an additional month to pursue unilateral third party and other discovery.

With respect to the documents Plaintiff is seeking, she has asked this Court to require Defendants to produce "detailed cellular telephone records from AT&T no later than

September 8, 2008" (emphasis in original), and "all documents and information responsive to Plaintiff's discovery requests no later than September 8, 2008" (emphasis in original). Plaintiff's Mot. at 2. Defendants have already produced all responsive documents in their possession. Plaintiff's Motion to Compel also is moot and should be denied on that basis.

What is driving Plaintiff's motion to "compel" is Defendants' unilateral accommodation in obtaining, and then giving to Plaintiff, documents not in Defendants' possession. But no good deed goes unpunished: pursuant to discussions with counsel for Plaintiff, Defendants have (a) requested additional cellular telephone records from AT&T over the previous three weeks, most of which have been produced, and others of which are due to be received from AT&T during the week of September 1, 2008, and will be promptly copied for Plaintiff; (b) retained a computer forensic expert to ensure an exhaustive search for any and all documents that may be responsive to Plaintiff's Fourth Request for Production of Documents;[1] and (c) retained a Certified Public Accountant to generate a personal net worth statement for Mr. Chreky, which will be produced as soon as it is completed by the CPA (again, the creation of a document not in existence, much less in the possession of Defendants).

I.  **DEFENDANTS ARE IN FULL AND COMPLETE COMPLIANCE WITH THIS COURT'S JAUNARY 18, 2008 ORDER.**

Plaintiff has made serious and vituperative allegations of misconduct, including that Defendants are in violation of this Court's January 18, 2008 Order. This is simply wrong. In the January 18, 2008 Order, this Court ordered the production of documents *then in the possession* of Defendants, to include telephone phone records dating from September 2006 to January 2007.

---

[1] This forensic review and search was very recently completed, which counsel for Plaintiff acknowledges in Plaintiff's Motion. This review generated documents, which require time to review and evaluate, and Defendants will produce responsive documents identified by this process on or before Monday, September 8, 2008. Plaintiff is well aware of Defendants' willingness to produce these documents as well as the timing of production and the factors driving that schedule.

2

Defendants produced all telephone records in their possession in compliance with the Order. Period. Defendants have not failed to comply with the Order as repeatedly stated by Plaintiff in her Motion.

Sometimes at their own initiative and sometimes at Plaintiff's request, formal or informal, Defendants have also engaged in various efforts to obtain documents *not* in their possession from third parties. Among these efforts, Defendants contacted the Chreky Salon's phone carrier, Verizon, to seek detailed reprints of old billing statements. This contact was made to satisfy repeated requests from Plaintiff for Defendants' "Verizon bills." Approximately **one week** prior to the filing of her pending Motion, Plaintiff's counsel for the first time demanded that Defendants obtain and procure records of the cell phone provider AT&T as well as records of the provider Verizon. Defendants promptly requested complete, detailed records from AT&T (to include records on a now-closed prior account held by Defendant Andre Chreky). Defendants immediately produced all AT&T records they were able to obtain from AT&T, prior to the filing of Plaintiff's pending Motion; a second set of yet older documents was also requested from AT&T at that same time, and AT&T advised Defendants that these older documents would require an additional period of time to generate and send. Based on representations from AT&T, Defendants currently believe that these documents will be received during the week of September 1, 2008. Of primary importance, as soon as Defendants became aware that Plaintiff was seeking AT&T records, Defendants requested these documents from AT&T. Once these are received by Defendants, they will be produced.

Plaintiff suggests in her Motion that Defendants were evasive because they did not earlier produce these AT&T records. In fact, though Plaintiff fails to point this out to the Court, Defendants *had already produced* all documents in their possession, as required by the January

3

Order, and production of further documents, obtained from third parties, has been an ongoing accommodation of Plaintiff's ongoing requests. To the extent the parties in this matter focused on Verizon bills and not on AT&T bills until recently, the dialogue and mistake were mutual. Defendants directed their efforts to obtaining documents from Verizon because these were the documents Plaintiff's counsel requested. In fact, prior to August 14, 2008, there was not a single communication between the parties (among scores if not hundreds of such communications) related to cell phone records, AT&T records, or any telephone records other than the Verizon records. Plaintiff surely knew that Mr. Chreky had an AT&T cell phone: they received a copy of a subpoena to AT&T served for these records by plaintiff's counsel in <u>Barrett v. Chreky</u>, a case consolidated with this one for third party discovery. That subpoena was served on AT&T **last year**.

This Court's January 18, 2008 Order required the production of all telephone records in Defendants' possession. Those documents were produced in full. When the parties shifted their attention to obtaining documents not in Defendants' possession, the parties mutually focused only on Verizon bills. When Plaintiff asked for AT&T bills, Defendants initiated efforts to obtain these documents. In fact, Plaintiff's Motion recognizes that the issue regarding AT&T bills was first raised **on August 14, 2008**. *See* Plaintiff's Mot. p. 6. As also noted by Plaintiff in her Motion, Defendants "finally" agreed to obtain and produce these records by letter dated <u>the very next day</u>, August 15, 2008. [2] *See* <u>id.</u> In sum, the Court's Order of January 2008 required

---

[2] Plaintiff states that "[t]he fact Defendants counsel limited their supplemental response to Verizon records is perplexing because Mr. Chreky's AT&T cell phone records finally produced today show well over a hundred calls between Mr. Chreky and his counsel on this AT&T cell phone." Plaintiff's Mot. p. 5. Defendants' counsel has talked with his client on his client's cell phone, and has also talked with Mr. Rose on his cell phone, and – until recently – defendants' counsel had no greater knowledge of his client's cell phone carrier than he did of Mr. Rose's cell phone carrier. In any event, Mr. Rose knew in November 2007, when he was copied on the <u>Barrett</u> subpoena, that Mr. Chreky had an AT&T cell phone. Why he asked for them only last month is the mystery.

4

production of the documents Defendants had. Every such document was produced. The type of discovery request at issue does not fall within the class of requests that, pursuant to Fed. R. Civ. P. 26(e), requires supplementation after answering. Compliance was full and complete in February 2008. Plaintiff's argument is that her repeated demands for **Verizon** documents were not understood by defendants to really be demands for **Verizon and AT&T** documents. If this was a mistake, it was mutual. But is has absolutely nothing to do with compliance with this Court's Order. And since Defendants **agreed** to get the documents from AT&T and give copies to the Plaintiff – who could, after all, have subpoenaed them from AT&T directly at any time – Plaintiff's invective also has nothing to do with her Motion to Compel.

II.   ALL RESPONSIVE DOCUMENTS HAVE ALREADY BEEN
      PRODUCED, ADDITIONAL DOCUMENTS WILL BE PRODUCED
      <u>AS SOON AS THEY ARE RECEIVED.</u>

    A.   **<u>Defendants Have Produced All Corporate Documents Requested by Plaintiff.</u>**

Plaintiff's discussion of Defendants' "late" production of key corporate formation documents forcing the parties to extend discovery – six months ago – is moot. Defendants have produced all corporate documents requested by Plaintiff, and there remains no issue over corporate formation documents. Similarly, Plaintiff's discussion about cosmetology licenses for "Key Employees" is moot. As noted by Plaintiff in her Motion, Defendants alerted Plaintiff that three employees – hairdressers and colorists of the Andre Chreky Salon – had "obtained new licenses" on July 9, 2008. After subsequent discussion in August about these licenses, Defendant produced copies of the three licenses. This issue – which bears no relation to any issue in the case anyway – was resolved prior to the filing of this Motion by Plaintiff.

Finally, the only additional financial document that Plaintiff addresses in her Motion *does not yet exist*. Defendants intend to produce to Plaintiff a summary of Defendant Andre Chreky's

5

personal net worth. This summary does not exist, has never existed, and did not exist at the time that Plaintiff issued her first set of interrogatories in June 2007. Furthermore, the allegation that "Defendants have repeatedly promised to provide Plaintiff with a statement of Defendants net worth" is simply not true. Indeed, the very idea of creating the personal net worth statement arose in the deposition of Mr. Chreky by counsel to Ronnie Barrett in a related case, just a few months ago. Following that discussion, Defendants independently advised this Plaintiff that she also would be given a copy of this personal net worth statement after it is created. Mr. Chreky's accountant is currently preparing the summary. It will be provided at the time it is completed. Again, however, Defendants *have* produced all corporate documents requested by Plaintiff and the summary of net worth is not a document in the possession of Defendants in the ordinary course of business. It would not even be subject to discovery absent Defendants' offer to create and produce it!

      **B.**    **Defendants Have Provided All Third Party Communications in Their Possession to Plaintiff, and Will Have Provided Any Additional Communications Turned up in a Third Party's <u>Computer Search by September 8, 2008, as Requested by Plaintiff.</u>**

Plaintiff has asked for communications between Defendants and certain independent contractors or agents of Defendants. Although Defendants have provided all such documents in their possession, and in an effort to completely exhaust the potential to find these, Defendants have employed a computer expert at substantial expense to assure that no documents have been missed. These computer searches produced communications between Defendants and their bookkeeper (Elizabeth Biggs); their accountant (Goodman & Company); their estate planner (Salaman); and their banker (Adams National Bank). These documents will be produced on or before September 8, 2008.[3]

---

[3] These documents are neither relevant nor likely to lead to the discovery of admissible evidence. This

6

### C. Defendants Have Not Engaged in Misconduct In Failing to Produce One Personnel File, as Stated by Plaintiff.

Plaintiff notes that Defendants – a hair cutting salon owned by a married couple – have produced approximately 40 personnel files in this action, but have failed to produce a personnel file for Nicole Juliano. Plaintiff's position is that Defendants' good record on production of personnel files, followed by the failure to produce *one* personnel file, indicates "suspect" conduct by Defendants. Although Defendants have searched diligently for the requested personnel file of Nicole Juliano, they have not found it. Diligent efforts to seek this personnel file continue to be made; should Defendants uncover it, it will be produced. The file was not purposefully destroyed after the initiation of this litigation, but was simply not with the personnel files otherwise preserved as of the beginning of this litigation.

### III. DEFENDANTS HAVE ENGAGED IN GOOD FAITH MEET AND CONFER EFFORTS, HAVE AGREED TO EVERY SUGGESTED DISCOVERY ACCOMMODATION OF PLAINTIFF EXCEPT ONE, AND ARE NOT DESERVING OF THE PUNITIVE UNILATERAL EXTENSION PLAINTIFF SUGGESTS.

Plaintiff's statement that Defendants' meet and confer efforts have failed to produce responsive communications is entirely in error. Defendants have produced documents in response to Plaintiff's discovery requests, and have participated in good faith meet and confer efforts over the past month, without fail. In contrast, Plaintiff's counsel's communications have been characterized by over-the-top, accusatory verbiage; baseless accusations of misconduct; inappropriate invective; swearing; and even a hang-up of the phone mid-sentence. More to the point, as the e-mails and other correspondence attached as Exhibit 1 demonstrate, Plaintiff

---

position is supported by the Court's Memorandum Opinion and Order (denying Plaintiff's Motion for Leave to File Second Amended Complaint) (rejecting Plaintiff's attempt to insert allegations related to Defendants' tax practices, banking practices, licensing compliance, and other matters not within the scope of this lawsuit, which is based primarily on allegations of workplace harassment, wage-hour violations, and wage payment violations.) This does not matter, because the documents are being produced notwithstanding their irrelevance.

suggested several conditions to Defendants as resolutions in the most recent meet and confer efforts; all but one of these was agreed to by Defendants.  **The only demand made by Plaintiff to which Defendants have not agreed is the demand that Defendants agree to a unilateral one-month extension of Plaintiff's discovery through October 31, 2008, during which period of time – regardless of what Plaintiff produces in answer to outstanding discovery requests (which she has not, as she asserts, completed answering), Defendants would have no ability to question her or her experts under oath in a deposition.**  In other words, cf Local Rule 7(m), Defendants have consented to the extension Plaintiff seeks, but have not "consented" to punishing themselves by making the extension unilateral.

Throughout the extensions of discovery deadlines in this matter and the scheduling of depositions, Plaintiff has agreed to a proposed schedule which included Defendants taking Plaintiff's deposition after the substantive conclusion of her discovery.  Now, for the first time, Plaintiff does not want her deposition taken at the close of discovery but wants it taken a month before her unilateral end to discovery.  Such a schedule is not warranted and would unfairly prejudice Defendants' ability to make their case.

## IV.    CONCLUSION

Plaintiff's Motion for a Unilateral Extension of Discovery and Motion to Compel should be denied, and Defendants' Motion to Modify the Court's Scheduling Order should be granted, because there are no further documents to compel in this matter and a universal extension of one month is appropriate under the circumstances.

Defendants respectfully invite the attention of the Court (a) to the fact that Plaintiff's motion requests relief including an order compelling production on or before September 8, 2008, and (b) to the fact that the relief requested in Defendants' cross-motion, a corresponding

extension of time in which to complete discovery, would be effectively denied if not granted before September 12, 2008, as the following week (the week of September 15, 2008) is the week during which the parties have currently slated the deposition of Ms. Thong under the now-existing scheduling order.

September 2, 2008                                          Respectfully submitted,


                                                                            _____/s/_____
                                                                            John M. Bredehoft
                                                                            D.C. Bar No. 375606
                                                                            KAUFMAN & CANOLES, P.C.
                                                                            150 West Main Street, Suite 2100
                                                                            Norfolk, Virginia 23510
                                                                            757-624-3225 (direct voice line)
                                                                            757-624-3169 (facsimile)
                                                                            jmbredehoft@kaufcan.com

::ODMA\PCDOCS\DOCSNFK\1398390\2

**KAUFMAN & CANOLES**
— | A Professional Corporation | —
Attorneys and Counselors at Law

David J. Sullivan
757 / 624-3249
djsullivan@kaufcan.com

757 / 624-3000
fax: 757 / 624-3169

Mailing Address:
P.O. Box 3037
Norfolk, VA 23514

150 West Main Street
Suite 2100
Norfolk, VA 23510

August 14, 2008

<u>**VIA E-MAIL AND U. S. MAIL**</u>

Jonathan G. Rose, Esq.
Sheppard Mullin Richter & Hampton, LLP
1300 I Street, N.W.
11th Floor East
Washington, DC 20005

Re:     <u>Your Intemperate Telephone Call and E-Mail of 2:44 This Afternoon</u>

Dear Jonathan:

      This responds to your e-mail threatening a motion for sanctions for noncompliance with the Court's discovery order, as well as the telephone call which preceded it.

      1.     Your e-mail refers to your telephone call as a pre-motion "meet and confer." I question whether a telephone call which was ended by your hanging up on me constitutes the "good faith effort" to resolve a potential motion, required by Local Rule 7(m). Nor does the content of your call – which began with your voice-raised characterization of our responses as "bullshit," proceeded to express your dissatisfaction with "this fucking shit," and ended with your statement of intention to file a motion "tomorrow morning at nine-fucking-thirty" – seem appropriate.

      2.     When you called, I expressed our willingness to address your concern with the absence of cell-phone records in any reasonable manner. That was when you hung up on me.

      3.     The defendants have been in compliance with the Court's discovery order since January 2008. The Order plainly requires the production of "any and all . . . telephone statements currently within the defendants' possession, custody or control." As detailed in our written response subsequent to the Order, we provided at that time those statements within the defendants possession, custody, and control. You received in the first week of February everything the Court ordered produced in January.

      4.     As an accommodation, we also undertook to produce prior bills from Verizon, noting that they were not in our possession or control. We indicated that we would give your those documents when we received them.

Jonathan G. Rose, Esq.
August 14, 2008
Page 2

    5.    Since that time, we have received from Verizon and produced to you two separate productions of telephone bills, going back to September 2006 and forward to June 2008. We produced these documents to you, each time, within a matter of days of our receipt from the telephone company.

    6.    Over the last several months, you and I (and Anna) have engaged in literally hundreds of discussions and e-mails, in which you demanded additional Verizon bills. **Every single one of these hundreds of communications have been, expressly, about Verizon bills.** You never once suggested (and I, never once thought) that you were asking us for additional documents other than bills from Verizon for the telephone accounts we initially produced.

    7.    For the first time, this afternoon around 2:30 p.m., in your telephone call, you stated that the Verizon documents we have been producing, at your request and as an accommodation, did not include certain cell phone records, which apparently involve a carrier other than Verizon. Neither you nor I had ever discussed whether cell phone records were missing.

    For example, your e-mail to me of August 5 – last week – says that "Plaintiff understood this [our supplemental response] to mean that Defendants asked **Verizon** for all prior bills and statements . . . in order to comply with the Court's order." This was our understanding as well.

    8.    Our client did not have any of these statements in his possession, custody, or control when our initial discovery response was due. The defendants did not have them when the Court ordered production of what we did have. The defendants do not have them now.

    9.    Nonetheless, **as I told you when we were on the telephone**, we are more than willing to accommodate you by requesting all of these statements from the non-Verizon provider, and producing them to you as soon as we get them. **You did not respond to the offer to obtain and produce the documents you now seek; instead, you hung up on me after a concluding use of profanity.**

    10.    We continue to believe that the cell phone records you seek have nothing to do with this case. You represented to the Court, for example, that the records were necessary to prove the allegations of your Amended Complaint regarding contacts with witnesses. Your motion to amend has, of course, been denied. You also represented to the Court that these records were relevant to assertions that Mr. Chreky had liaisons in hotel rooms ("foursomes") with other employees – a "fact" suggested by the affidavits you obtained, but one which has been definitively abandoned under oath by those affiants. We will not re-argue the relevance of these documents, but they are hardly central to your case. Most importantly, since the Order only compelled any we had in our possession at that time, and there were none, there is no non-compliance with the Order. Rule 26(e)(1)(A) does not provide for a continuing responsibility to supplement, since the response was complete in all material respects when made.

Sullivan, David J.
___

**From:** Bredehoft, John M.
**Sent:** Friday, August 22, 2008 1:40 PM
**To:** Jonathan Rose
**Cc:** Emily Seymour; Sullivan, David J.; Smith, Anna Richardson
**Subject:** RE: subpoena

Okay. Sorry we could not reach agreement, but I look forward to receiving your motion.

**From:** Jonathan Rose [mailto:JRose@sheppardmullin.com]
**Sent:** Friday, August 22, 2008 1:37 PM
**To:** Bredehoft, John M.
**Cc:** Emily Seymour; Sullivan, David J.; Smith, Anna Richardson
**Subject:** RE: subpoena

John,

I understand why you might want that arrangement, but that is, from our standpoint, unreasonable because it is Defendants failure to comply with their discovery obligations that has hampered Plaintiff, and you can't, nor has anyone on your team ever identified a single item of documents/information requested of Plaintiff that has hampered Defendants ability to pursue discovery. Therefore, we believe the appropriate remedy for Defendants consistent failure to comply with their discovery obligations is to allow Plaintiff a unilateral extension, and we will take it up with the Court as you suggested. Best regards, JR.


Jonathan G. Rose
Sheppard Mullin Richter & Hampton LLP
1300 I Street, N.W.
11th Floor East
Washington, D.C. 20005
202-218-0018(direct)
202-669-0292 (cell)
202-312-9410 (fax)
jrose@sheppardmullin.com


**From:** Bredehoft, John M. [mailto:jmbredehoft@kaufcan.com]
**Sent:** Friday, August 22, 2008 1:30 PM
**To:** Jonathan Rose
**Cc:** Emily Seymour; Sullivan, David J.; Smith, Anna Richardson
**Subject:** RE: subpoena

Dear Jonathan:

Let's leave the subject of missing documents to another, more appropriate time. First I want to make sure you are satisfied with what you have from us.

With respect to your proposed compromise, we can't do it, but the difference between your proposal and what we can live with is small. Why not extend your discovery through 10/31; extend your ability to take depositions through 10/31; and allow us to take depositions and expert discovery through 10/31 (so we can continue, as consistently scheduled, to take Ms. Thong's deposition last). I think that makes sense, it's close to what you now propose, and it's something to which we can agree. Deal?

1

JMB

**From:** Jonathan Rose [mailto:JRose@sheppardmullin.com]
**Sent:** Friday, August 22, 2008 1:15 PM
**To:** Bredehoft, John M.
**Cc:** Emily Seymour; Sullivan, David J.; Smith, Anna Richardson
**Subject:** RE: subpoena
**Importance:** High

John,

You may not have seen the "slew of documents" because either you haven't looked at them, or they don't exist. With respect to Dr. Kleinman's notes, they have been produced and supplemented. With respect to Dr. Kleinman, she was recently retained and we have not yet been provided her notes, or her report, but will as soon as we receive them -- which as I previously stated we expect will be next week. To the extent there are any other documents or information that you believe Plaintiff has not responded to, we have not been made aware of any claimed deficiencies.

Moreover, your suggestion that documents that Plaintiff has subpoenaed from third-parties somehow may necessitate a discovery need for Defendants rings hollow. With that said, in the spirit of compromise, I would be willing to allow Defendants to take expert discovery through the 10/31, but nothing else -- all other discovery would close for Defendants on 9/30. Please advise immediately if this is acceptable, otherwise we will seek the intervention of the Court. Best regards, JR.

Jonathan G. Rose
Sheppard Mullin Richter & Hampton LLP
1300 I Street, N.W.
11th Floor East
Washington, D.C. 20005
202-218-0018(direct)
202-669-0292 (cell)
202-312-9410 (fax)
jrose@sheppardmullin.com


**From:** Bredehoft, John M. [mailto:jmbredehoft@kaufcan.com]
**Sent:** Friday, August 22, 2008 12:39 PM
**To:** Jonathan Rose
**Cc:** Emily Seymour; Sullivan, David J.
**Subject:** RE: subpoena

Dear Jonathan:

There are, I believe, a slew of documents that we have not seen, included among them all of the experts' files, all of your client's medical and psychiatric records, all correspondence with the experts, and the like. (I have been thinking only about expert issues and documents, so that's what comes immediately to mind; there's more.)

But for purposes of your 33-minute deadline to agree with you, that is neither here nor there. I can't agree to finish taking all of our depositions before you have finished sending subpoenas out to third parties. And for two years we have consistently scheduled your client's deposition for the end of the deposition period, something else I am reluctant to change.

If you want to extend the discovery period, please feel free; we consent. If you want to extend the discovery period and don't want the defendants to serve additional written discovery on your client, that's fine, too. But if you want an order entered forcing the defendants to complete taking all depositions a month before the deadline for plaintiff to obtain

2

documents and other discovery that might bear on those depositions, you'll have to ask Judge Kay for it. I can agree to any reasonable extension you think necessary, but I cannot agree to such a substantial asymmetry and alteration in the long-planned flow of the depositions.

I request you reconsider your position and prepare a proposed consent order for review.

John

---

**From:** Jonathan Rose [mailto:JRose@sheppardmullin.com]
**Sent:** Friday, August 22, 2008 12:27 PM
**To:** Bredehoft, John M.
**Cc:** Emily Seymour; Sullivan, David J.
**Subject:** RE: subpoena

John,

No, it doesn't work. The reason that it doesn't work is because it has been Defendants that have failed to comply with their discovery obligations, and Plaintiff has not. The only thing that is left to be produced, to our knowledge, is Dr. Kleinman's report, which was delayed by the recent birth of her grandchild --- which you should have next week (David stated that he only needed a month from the date Defendants received the expert reports, and you have had Dr. Goldman's for approximately one month). My proposal is a unilateral extension in favor of Plaintiff, and that makes plenty of sense in light of Defendants' consistent pattern in failing to meet its discovery obligations. Please let me know immediately whether you would oppose such a motion to the Court. Best regards, JR.

P.S. Because of my very quick review, coupled with my total lack of sleep on the red eye, I apparently missed entries on the performance report for Karkas and Maboub.


Jonathan G. Rose
Sheppard Mullin Richter & Hampton LLP
1300 I Street, N.W.
11th Floor East
Washington, D.C. 20005
202-218-0018(direct)
202-669-0292 (cell)
202-312-9410 (fax)
jrose@sheppardmullin.com

---

**From:** Bredehoft, John M. [mailto:jmbredehoft@kaufcan.com]
**Sent:** Friday, August 22, 2008 12:16 PM
**To:** Jonathan Rose
**Subject:** RE: subpoena

Does that mean we need to finish taking your client's and experts' depositions before you take our clients' depositions and before the documentary discovery is finished? I don't think it makes sense for us to agree to complete the depositions we need to take before documentary discovery is closed.

My "response/proposal" is that you get the extra time you requested, and then we all finish up the depositions thereafter. Does that work and, if not, why?

3

**From:** Jonathan Rose [mailto:JRose@sheppardmullin.com]
**Sent:** Friday, August 22, 2008 12:09 PM
**To:** Bredehoft, John M.; Sullivan, David J.
**Cc:** Smith, Anna Richardson; Emily Seymour
**Subject:** RE: subpoena
**Importance:** High

John,

Thank you for your response. However, I am not sure I understand your response/proposal. I can not make it any clearer on this point, the extension would be unilateral for any and all purposes for Plaintiff -- Defendants' discovery would close for any and all purposes on 9/30, as scheduled by the most recent extension. With respect to pushing out the dispositive motions deadline, yes, those dates would be tracked by the 10/31 close of discovery for Plaintiff. If this is not acceptable to you, we will seek the Court's intervention. Please advise no later than 1:00 p.m. Best regards, JR.

Jonathan G. Rose
Sheppard Mullin Richter & Hampton LLP
1300 I Street, N.W.
11th Floor East
Washington, D.C. 20005
202-218-0018(direct)
202-669-0292 (cell)
202-312-9410 (fax)
jrose@sheppardmullin.com

---

**From:** Bredehoft, John M. [mailto:jmbredehoft@kaufcan.com]
**Sent:** Friday, August 22, 2008 12:00 PM
**To:** Jonathan Rose; Sullivan, David J.
**Cc:** Smith, Anna Richardson; Emily Seymour
**Subject:** RE: subpoena

Hi, Jonathan.

David is out of the office for a meeting and would not be able to make your 1:00 p.m. deadline for a response for a discovery extension, so I'll take a stab at it (without re-addressing the characterizations below, with which we disagree).

We would be pleased to consent to any reasonable extension of discovery. If you think another month would be sufficient time for you to receive and digest the materials, that's fine with us. I can also understand your desire for a "unilateral" extension, but rather than debate what that means (we need to finish depositions, for example, and get some materials for which our requests are already pending) I can represent to you that we have no current plan or desire to serve additional document requests, requests for admission, or interrogatories (and we have not done so for quite a while).

If the following suits your purposes, let me know. If there is something more that you think would be appropriate, let me know that as well. In response to your request, we suggest as follows:

1.      Non-deposition discovery will end on October 1, 2008. (That would allow you to serve supplemental discovery requests, if you feel the need, until the end of September.)

2.      Depositions will be taken after the close of written discovery (i.e., after all of the documents have been produced and a chance for review has been had). Does October 30 make sense as a deadline for this?

3.      Dispositive motion scheduling will be adjusted accordingly from the date of the end of the deposition period.

4

If you think more time is appropriate for your client to prepare fully, please let me know.

John

**From:** Jonathan Rose [mailto:JRose@sheppardmullin.com]
**Sent:** Friday, August 22, 2008 11:35 AM
**To:** Sullivan, David J.
**Cc:** Bredehoft, John M.; Smith, Anna Richardson; Emily Seymour
**Subject:** RE: subpoena
**Importance:** High

David,

Of course we'll promptly send you the Ex. A, sorry for any clerical oversight in the service.

On another note, I just got back from a meeting in San Francisco on the red eye, and had a chance to review your letter from yesterday evening. With respect to your attempt to suggest that Defendants have complied, I believe those attempts are without any basis. First, the mere fact that you requested the AT&T records last week categorically shows that you have not been in compliance with the Court's Order. The suggestion that Defendants did not maintain them in the ordinary course of business, at a minimum, does not obviate the requirement that they not destroy responsive documents going forward. Moreover, you specifically suggested in your 2/4 supplemental response that you were requesting, and would produce all of Defendants phone records (albeit you made your response Verizon specific, even though you knew AT&T was his cell carrier), however, your response clearly showed that those records were within Defendants possession, custody and control because they could obtain them with a simple request.

Second, with respect to the provider reports, the fact that Jennifer's work may not be reflected is irrelevant, and they clearly can lead to the discovery of admissible evidence. In addition, your claim that Defendants don't maintain these documents in the ordinary course of business is contradicted by the fact Defendants previously produced these reports for prior periods. Moreover, the fact that Defendants were able to generate these documents categorically shows the documents were in their possession (even if in electronic form). Curiously, in the package we received only a short while ago -- these records for whatever reason have been created to exclude Adel Karkas and Linda Maboub, who were and are employed by the Salon, and their absence speaks volumes about how Defendants have approached their discovery obligations in this case.

Third, with respect to the net worth statement, at a minimum, clearly Defendants possess documents or information that would, at least in part, provide a response to long outstanding discovery request. Defendants unwillingness to produce responsive materials to reasonable discovery requests further highlights, at a minimum, Defendants lack of diligence in its discovery obligations, and at worst, bad faith.

Fourth, with respect to the outstanding e-mails/computer records, you claim that you "immediately" retained a computer expert to obtain the information, but that is totally false. In fact, as you are well aware, you stonewalled us in your discovery response, and it was only after we brought up your non-compliance and how unrealistic it was to believe there was nothing responsive in connection with a potential motion to compel did you retain the expert. If your client was unable to retrieve clearly responsive documents on their own, it is submitted that you had a duty during the 30-day period after discovery was served to do it yourself, or hire the expert so that the response would be timely.

Finally, Defendants consistent pattern of delay and obfuscation of its discovery obligations have disadvantaged Plaintiff in prosecuting her claims with respect to deposition preparation and other third-party discovery. In this regard, please let me know no later than 1:OO p.m. this afternoon whether Defendants will agree to a unilateral one month extension of discovery for Plaintiff (i.e., Defendants would be required to complete all discovery by 9/30). Otherwise, Plaintiff will seek the intervention of the Court. Please feel free to call me if you have any questions, or would like to discuss anything regarding this matter. Best regards, JR.

Jonathan G. Rose
Sheppard Mullin Richter & Hampton LLP
1300 I Street, N.W.
11th Floor East
Washington, D.C. 20005
202-218-0018(direct)
202-669-0292 (cell)
202-312-9410 (fax)
jrose@sheppardmullin.com



**SHEPPARD MULLIN**
SHEPPARD MULLIN RICHTER & HAMPTON LLP

1300 I Street, N.W.
11th Floor East
Washington, DC 20005-3314
202.218.0000 office
202.218.0020 fax
www.sheppardmullin.com

Jonathan Rose
202-218-0018 direct | 202.312.9410 direct fax
JRose@sheppardmullin.com | Bio

Circular 230 Notice: In accordance with Treasury Regulations we notify you that any tax advice given herein (or in any attachments) is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of (i) avoiding tax penalties or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein (or in any attachments).

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**From:** Sullivan, David J. [mailto:djsullivan@kaufcan.com]
**Sent:** Friday, August 22, 2008 11:05 AM
**To:** Jonathan Rose; Emily Seymour
**Subject:** subpoena

Today I received copies of two subpoenas you recently issued, but neither included the Exhibit A referenced in the subpoena. Can you forward these to me?
DJS

David J. Sullivan, Esq.
Kaufman & Canoles, P.C.
150 West Main Street
Suite 2100
Norfolk, Virginia 23510

Direct dial: 757-624-3249

The information contained in this electronic message is legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If you are not the intended recipient of this message, you are hereby notified that any use, distribution, copying or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify Kaufman & Canoles at (757) 624-3000 or by return e-mail to helpdesk@kaufcan.com, and purge the communication immediately without making any copy or distribution.

Disclosure Required by Internal Revenue Service Circular 230: This communication is not a tax opinion. To the extent it contains tax advice, it is not intended or

written by the practitioner to be used, and it cannot be used by the taxpayer, for the purpose of avoiding tax penalties that may be imposed on the taxpayer by the Internal Revenue Service.

---

The information contained in this electronic message is legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If you are not the intended recipient of this message, you are hereby notified that any use, distribution, copying or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify Kaufman & Canoles at (757) 624-3000 or by return e-mail to helpdesk@kaufcan.com, and purge the communication immediately without making any copy or distribution.

Disclosure Required by Internal Revenue Service Circular 230: This communication is not a tax opinion. To the extent it contains tax advice, it is not intended or written by the practitioner to be used, and it cannot be used by the taxpayer, for the purpose of avoiding tax penalties that may be imposed on the taxpayer by the Internal Revenue Service.

---

The information contained in this electronic message is legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If you are not the intended recipient of this message, you are hereby notified that any use, distribution, copying or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify Kaufman & Canoles at (757) 624-3000 or by return e-mail to helpdesk@kaufcan.com, and purge the communication immediately without making any copy or distribution.

Disclosure Required by Internal Revenue Service Circular 230: This communication is not a tax opinion. To the extent it contains tax advice, it is not intended or written by the practitioner to be used, and it cannot be used by the taxpayer, for the purpose of avoiding tax penalties that may be imposed on the taxpayer by the Internal Revenue Service.

---

The information contained in this electronic message is legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If you are not the intended recipient of this message, you are hereby notified that any use, distribution, copying or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify Kaufman & Canoles at (757) 624-3000 or by return e-mail to helpdesk@kaufcan.com, and purge the communication immediately without making any copy or distribution.

Disclosure Required by Internal Revenue Service Circular 230: This communication is not a tax opinion. To the extent it contains tax advice, it is not intended or written by the practitioner to be used, and it cannot be used by the taxpayer, for the purpose of avoiding tax penalties that may be imposed on the taxpayer by the Internal Revenue Service.

---

The information contained in this electronic message is legally privileged and confidential under applicable law, and is intended only for the use of the individual or entity named above. If you are not the intended recipient of this message, you are hereby notified that any use, distribution, copying or disclosure of this communication is strictly prohibited. If you have received this communication in error, please notify Kaufman & Canoles at (757) 624-3000 or by return e-mail to helpdesk@kaufcan.com, and purge the communication immediately without making any copy or distribution.

Disclosure Required by Internal Revenue Service Circular 230: This communication is not a tax opinion. To the extent it contains tax advice, it is not intended or written by the practitioner to be used, and it cannot be used by the taxpayer, for the purpose of avoiding tax penalties that may be imposed on the taxpayer by the Internal Revenue Service.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JENNIFER THONG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 1:06-01807 (RCL) |
| ) | |
| ANDRE CHREKY SALON, ET AL. ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Upon consideration of the Plaintiff's Motion for a Unilateral Extension of Discovery and Motion to Compel the Immediate Production of Documents, and the entire record herein, it is

ORDERED that the motion shall be, and hereby is, DENIED; and

Upon consideration of the Defendants' Motion to Modify the Court's Scheduling Order, and the entire record herein; it is

ORDERED that the motion shall be, and hereby is, GRANTED; and it is further

ORDERED that:

Discovery shall close for all parties on November 7, 2008;

Dispositive Motions shall be due by December 6, 2008;

Oppositions to Dispositive Motions shall be due by December 29, 2008; and

Replies to the Oppositions shall be due by January 12, 2009.

_____                    _____
                                         Royce C. Lamberth, Judge
                                         United States District Court for the District of
                                         Columbia

Copies to:

Jonathan G. Rose, Esq. (446208)
Sheppard Mullin Richter & Hampton, LLP
1300 I Street, N.W.
11th Floor East
Washington, DC 20005
202-772-5390 (direct voice line)
202-312-9410 (facsimile)

John M. Bredehoft (375606)
David J. Sullivan
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, Virginia 23510
757-624-3225 (direct voice line)
757-624-3169 (facsimile)


::ODMA\PCDOCS\DOCSNFK\1399165\1